Morris & Lewis *versus* Shafer.

Reizenstein Brothers *versus* Same.

93     489
c 36 SC  654

1. As a general rule a claim for exemption must be made with such promptness as to occasion no delay to the plaintiff, and not cause him to incur costs that otherwise might be avoided.

2. An attachment execution under the Act of March 17th 1869, issued, August 1st 1877, and was served on a garnishee on August 2d 1877. On August 13th 1877, a rule was obtained by the defendant to dissolve the attachment, and on May 6th 1878, the rule was discharged. Pending the rule, plaintiffs incurred costs and expense in taking depositions in a distant state. After its discharge plaintiffs proceeded to have the case arbitrated, and obtained an award in their favor on June 27th 1878. On July 10th 1878, the defendant claimed his $300 exemption, which the court allowed. *Held*, that this was error, as the claim was not presented in time.

3. *It seems* that the Act of April 9th 1849, does not create an absolute, unconditional exemption of which the creditor must take notice at his peril, but leaves to the option of the debtor whether he will claim it or not. If he does not elect to claim the exemption, the property may legally be sold.

March 10th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Quarter Sessions of *Luzerne county :* Of July Term 1879, Nos. 10 and 11.

Attachment executions under the Act of March 17th 1869, Pamph. L. 8. One writ was issued at the suit of Morris & Lewis against Frank Shafer, and the other by Reizenstein Brothers against the same defendant. The facts were similar in both cases.

The writ by Morris & Lewis issued August 1st 1877, and was made returnable on the second Monday of September 1877. It was duly served on the Peoples' Bank of Wilkesbarre, as garnishee, on August 2d 1877. On August 13th 1877, defendant obtained a rule to show cause why the attachment should not be dissolved. On May 6th 1878, this rule was discharged. While this rule was pending, the plaintiffs obtained rules to take depositions, and a commissioner to take testimony was sent to Texas. On May 6th 1878, judgment was entered against the defendant for want of an affidavit of defence. On May 7th 1878, interrogatories to the garnishee were filed, and a rule entered on the bank to answer. On May 11th the bank filed its answer. On May 22d 1878, the case was referred to arbitrators at the instance of plaintiffs, and on June 27th 1878, the arbitrators found an award for plaintiffs for $228.80. On July 10th 1878, by a paper filed, defendant claimed the benefit of the exemption laws, and asked that $300 be set apart to him.

On the 20th of July 1878, the garnishee, upon motion, paid the money into court, and on the same day, the plaintiff applied to the court for permission to draw the money out. The court, Handley, A. L. J., granted a rule to show cause, and on the 8th of April 1879,

[Morris v. Shafer.]

refused the plaintiffs' motion, and allowed the defendant his exemption in an opinion, inter alia, saying:

"The evidence in the attachment proceedings does not warrant us in depriving this defendant of his right to claim the benefit of the exemption law, and notwithstanding the attachment was sustained on the 6th of May 1878, and the defendant did not claim the benefit of the Act of 1849, until the 10th of July 18,78, yet we are of the opinion the defendant must be allowed his exemption. The rule in this case is discharged."

This action of the court was assigned for error by Morris & Lewis and Reizenstein Bros., who took these writs.

*S. J. Strauss* and *J. Vaughan Darling*, for plaintiffs in error. —The notice of the claimed exemption must be reasonable, and to prevent litigation. It is too late as a plea in the proceedings against the garnishee: Strouse's Ex'r. *v.* Becker, 8 Wright 208 ; Zimmerman *v.* Briner, 14 Id. 535. The defendant in an attachment, may claim the exemption when he appears, and before plaintiff has taken steps to his detriment without notice of the claim : Landis *v.* Lyon, 21 P. F. Smith 473 ; Bancord *v.* Parker, 15 Id. 336 ; Bittinger's Appeal, 26 Id. 105 ; Bair *v.* Steinman, 2 Id. 423. It is in time if made before or with the garnishee's answers : Yost *v.* Heffner, 19 P. F. Smith 68.

If the claim cannot be made by plea on the trial, a fortiori, it cannot be made after the trial, whereby judgment has been recovered against the garnishee.

*E. Robinson* and *T. J. Chase*, for defendant in error.—A defendant need not claim his exemption until judgment has been entered, and final, or execution process issued against him : Cornman's Appeal, 9 Norris 254

Mr. Justice MERCUR delivered the opinion of the court, May 3d 1880.

These two cases involve the same question, and were argued together. The suits were commenced by attachment under the Act of 17th March 1869, Purd. Dig. 53, pl. 57. The contention is in regard to the claim of the defendant to retain $300 worth of property. In the view we take of the cases it is only necessary to consider whether the claim was made in time.

The Act of 9th April 1849 is the basis of all laws exempting property to the value of $300 from levy and sale on execution. It does not create an absolute unconditional exemption of which the creditor must take notice at his peril, but leaves to the option of the debtor whether or not he will claim it. If he does not elect to claim the exemption, the property may legally be sold. It is a right which the debtor may waive, either by agreement when the

[Morris *v.* Shafer.]

debt is contracted, or by omitting to claim it in time when legal proceedings are being had against the property. As a general rule, the claim must be made with such promptness as to occasion no delay to the plaintiff, and not cause him to incur costs that might otherwise be avoided. In case of attachment-executions it has been held that the defendant was not required to make the claim of exemption to the officer when he served the attachment; but that it might be made at the term to which the attachment was returnable, and before the plaintiff had taken any step to his detriment: Strouse's Executors *v.* Becker, 8 Wright 206; Yost *v.* Heffner, 19 P. F. Smith 68; Landis *v.* Lyon, 21 Id. 473; Bittinger's Appeal, 26 Id. 105. The true intent and spirit of all the statutes providing for the $300 exemption require that they be construed *pari materia.*

This attachment was issued 1st of August 1877, and returnable on the second Monday of September. It was served on the garnishees on the 2d of August. On the 13th August the defendant Shafer obtained a rule to show cause why the attachment should not be dissolved. On the 6th of May following, the rule was discharged. During its pendency the plaintiffs incurred costs and expense in taking depositions in a distant state. After it was discharged they proceeded to have the cases against the garnishees submitted to arbitrators, and, on the 27th June 1878, obtained an award in their favor. On the 10th of July thereafter, by paper filed, the defendant claimed the benefit of the exemption laws, and asked that $300 be set aside for him. The court allowed the exemption. In this we think it erred. The delay of the defendant in making the claim was inexcusable. With full notice of the issuing of the attachment several weeks before the return thereof, he makes no claim to the exemption; but, both by his active efforts and by his gross delay, he induces and encourages the plaintiffs to incur large costs and expenses. After this, and nearly eleven months after he first began to move in the case, he first makes the claim. The learned judge erred in discharging the rule taken by the plaintiffs to show cause why they should not draw the money paid into court by the garnishees.

> Judgments reversed, and now, May 3d 1880, it is ordered that the rule taken by plaintiffs in each case be reinstated, and made absolute.