## Blakeley *v.* Smith, Appellant.

*Executions—Refusal of exemption—Attachment—Constable.*

No action can be maintained against a constable for refusing the benefits of the exemption act in a suit commenced by an attachment in which no execution was ever issued.

Argued Jan. 11, 1905. Appeal, No. 36, Jan., T., 1905, by W. H. Benedict, from judgment of C. P. Luzerne Co., May T., 1898, No. 991, on verdict for plaintiff in case of William Blakeley v. A. B. Smith et al. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Appeal from justice of the peace. Before LYNCH, P. J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $297.80. W. H. Benedict appealed.

*Errors assigned* were various instructions and rulings on evidence.

*James R. Scouton,* for appellant.—The exemption cannot be claimed against original or mesne process: Act of April 9, 1849, P. L. 533; Cornman's Appeal, 90 Pa. 254.

Exemption is limited to the warrant under which the levy and sale are about to be made. No kind of attachments are final or execution process, except attachment execution : Cornman's Appeal, 90 Pa. 254.

No appearance nor paper-book for appellee.

OPINION BY MORRISON, J., March 14, 1905 :

This was an appeal by defendants, A. B. Smith, C. C. Dilcer and W. H. Benedict, constable, from the judgment entered against them, in trespass, for refusing the benefit of the exemption act to the plaintiff, in an action begun before a justice of the peace under the fraudulent debtors attachment act of July 12, 1842. P. L. 339. The attachment suit was commenced on December 20, 1897, and made returnable on the twenty-

seventh day of the same month. W. H. Benedict, constable, served the writ of attachment by attaching goods and chattels of Wm. Blakeley, the plaintiff, and on December 25, he returned the said writ of attachment into the office of the justice. On December 27, 1897, the justice issued a summons in the same case, returnable January 4, 1898, to the same constable who served it at Wm. Blakeley's house, and returned it into the office of the justice on the return day thereof. On January 4, 1898, there was a hearing before the justice and he gave judgment in favor of the plaintiff, A. B. Smith, and against the defendant, Wm. Blakeley. No execution was ever issued on this judgment.

On January 14, 1898, notice was served on W. H. Benedict, constable, by Mrs. Blakeley, claiming the benefit of the exemption act. At this time there was no writ in the hands of the constable in the case, and there had been none for ten days prior thereto, and no other writ or writs ever came into the hands of the defendant, Benedict, in said case.

It is argued that on February 24, 1898, Alderman Davison issued an execution in another case on a judgment therein against Wm. Blakeley, directed to J. A. Wood, constable, who levied upon and sold the goods and chattels of Wm. Blakeley; and no claim for exemption was made to constable Wood against said execution by said defendant or any one for him. But this is not very material. We cannot see how it concerns or injures the defendant that another constable, with an execution from another judgment, levied and sold the attached property. Moreover, this fact does not sufficiently appear in the record to justify basing anything upon it.

The record in the present case shows that on April 23, 1898, judgment was entered by C. W. Boone, J. P., in favor of J. A. Wood, constable, one of the defendants, and against A. B. Smith, C. C. Dilcer and W. H. Benedict, constable, the other defendants. The defendants, against whom judgment was entered, appealed to the common pleas and before trial therein plaintiff took a judgment of voluntary nonsuit as to C. C. Dilcer, and after plaintiff's evidence was all in, defendants' counsel moved for a compulsory nonsuit as to A. B. Smith and W. H. Benedict, which was granted as to Smith and refused as to Benedict.

We have thought best to set forth the above facts for the purpose of exhibiting, plainly, the condition of this peculiar record.

The industry of the counsel for the appellant has favored us with fourteen assignments of error and he has discussed all of these at length.

Inasmuch as this case is radically wrong, and there was no ground whatever for a judgment against the constable for refusing to appraise and set apart the goods of the defendant, under the provisions of the exemption Act of April 9, 1849, P. L. 533, it will be unnecessary for us to consider any of the assignments of error except the seventh, eighth, ninth, tenth, eleventh and fourteenth which all relate to the question of exemption.

The first section of the act entitled: " An Act to exempt property to the value of $300 from levy and sale on execution and distress for rent," approved April 9, 1849, P. L. 533, reads : " That in lieu of the property now exempt by law from levy and sale on execution, issued upon any judgment obtained upon contract and distress for rent, property to the value of $300, exclusive of all wearing apparel of the defendant and his family, and all Bibles and school books in use in the family (which shall remain exempted as heretofore), and no more, owned by or in possession of any debtor, shall be exempt from levy and sale on execution or by distress for rent."

In Cornman's Appeal, 90 Pa. 254, it is squarely decided " that the request must be addressed to the officer charged with the execution for levying upon and selling the property. It is against final or execution process that the claim is to be made and not upon original or mesne process, by which property may sometimes be seized, or attached and held to answer the plaintiff's demand."

If the defendant's wife gave notice to the constable that they claimed the benefit of the exemption act when he had no writ whatever in his hands, against the plaintiff, such notice was of no effect. If the notice had been given while the attachment was in the hands of the constable, it could, at the most, only have required him to give the benefit of the exemption act upon any execution subsequently coming into his hands on a judgment obtained in said case. We do not decide

·that a notice for exemption, given as to the attachment, would have this effect, but we say it could not have had any other or greater force.

The learned court was evidently mislead by Strouse's Executor v. Becker, 44 Pa. 206. That case is authority for the doctrine that the benefit of the exemption act may be claimed against an attachment in execution, but this is because it is execution process, so far as the debtor is concerned. That case furnishes no authority for extending the exemption law to an attachment used for the commencement of an action. See also Strouse's Executor v. Becker, 38 Pa. 190, and Waugh v. Burket et al., 3 Grant, 319.

The cause of action of the plaintiff was based solely upon the refusal of the benefits of the exemption act, in a suit commenced by an attachment in which no execution process was ever issued. This fact absolutely disposes of the plaintiff's claim and requires us to sustain the assignments of error hereinbefore referred to, relating to this subject. Inasmuch as the plaintiff has no cause of action against any of the defendants, upon the ground stated in his claim, the judgment must be reversed without a new venire, and, therefore, it is wholly unnecessary to discuss the other assignments of error, some of which are evidently not without merit.

Judgment reversed.