## Forst, Appellant, v. Lees.

*Exemption—Debtor's exemption—Premature claim—Attachment under the Act of March 17, 1869, P. L. 8.*

A claim for debtor's exemption must be made with such promptness as to occasion no delay to the plaintiff, and not cause him to incur costs that otherwise might be avoided.

Where money, which needs no appraisement, is claimed under the exemption laws prior to entry of judgment, in an action begun by attachment under the act of 1869, the claim is not premature.

Argued April 22, 1908. Appeal, No. 200, April T., 1908, by plaintiffs, from order of C. P. No. 4, Allegheny Co., Fourth Term, 1907, No. 683, allowing debtor's exemption in case of Meyer Forst and Max Wolf, trading as Forst & Wolf, v. Sam Lees, defendant, and Hausman & Wimmer Co. et al., garnishee. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and BEAVER, JJ. Affirmed.

Rule for allowance of debtor's exemption out of money in the hands of garnishee.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule allowing exemption.

*C. A. O'Brien,* of *O'Brien & Ashley,* for appellants.

*A. Seder,* of *Alpern & Seder,* for appellee.

PER CURIAM, July 15, 1908:

This is an appeal from an order making absolute a rule on the plaintiffs to show cause why the defendant should not be allowed his exemption out of money in the hands of the garnishee. The Act of March 17, 1869, P. L. 8 under which the attachment issued, expressly recognizes the debtor's right of exemption under the existing laws of this commonwealth. The appellants' first contention is that the claim should have been disallowed because the defendant had other property in excess of $300 in value. Conceding for the purpose of the case, but without deciding the point, that the contention, if sustained by the evidence, would bar the claim as to the money in the hands of the garnishees, the making absolute of the rule implies a finding by the court in favor of the defendant's contention upon this disputed question of fact, and a careful examination of the evidence has failed to convince us that there was error in so finding.

The plaintiffs' further contention is that the demand for the exemption was premature, and in support of this position they cite Cornman's Appeal, 90 Pa. 254. But that case related to a claim of exemption out of goods and chattels and the ruling must be considered in connection with this distinguishing fact. On the other hand, it was held in Morris v. Shafer, 93 Pa. 489, where money was attached in the hands of a garnishee, that the claim for the exemption should have been disallowed because it was made too late. Impliedly the case is authority for the proposition that where money, which needs no appraisement (Rigby's Estate, 8 Pa. Superior Ct. 108; Sharp v. Woolslare, 25 Pa. Superior Ct. 251), is claimed under the exemption laws, prior to entry of judgment in an action begun by the attachment under the act of 1869, the claim is not premature. The case is an illustration of the proper application of the general rule that a claim for exemption must be made with such promptness as to occasion no delay to the plaintiff, and not cause him to incur costs that otherwise might be avoided. Upon consideration of the whole case we find no error in the order complained of.

The order is affirmed at the costs of the appellants.