# Peterman's Appeal.

1. Peterman made an assignment for the benefit of creditors, of all his property, "except so much as may be exempt by the laws of this Commonwealth from levy and sale on execution, &c., to be selected by (him) and appraised for the use of himself and family according to law." He selected and received $99 of personal property. The assignee settled the estate, his account was confirmed and the balance distributed to creditors, Peterman having made no further claim. Previously to the assignment his mother had died intestate, seised of real estate; his share in it was not included in the assignee's account. In the distribution of the proceeds of the mother's real estate under proceedings in partition in the Orphans' Court, Peterman demanded the remainder of the $300 under the exception in the assignment. *Held,* that he was entitled to it, although no appraisement had been made of this fund.

2. Peterman had not waived his right to the exemption, he having claimed it as soon as he had a right to demand and receive it out of the fund.

3. There cannot be an appraisement under the Exemption Act of April 1849, of property excepted by the debtor in his assignment.

4. The appraisement of the property which an assignor elects to keep under the exemption laws, is to be appraised by the appraisers of the assigned estate.

5. Where the assignor elects to receive the amount of his exemption in money, an appraisement is not necessary.

6. The right of the assignor to make the exception depends upon the exemption acts; his right against the assignee depends upon the exception in the assignment.

May 8th 1874.    Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Appeal from the Orphans' Court of *York county:* Of May Term 1874, No. 107.    In the estate of Sarah Peterman, deceased.

On the 25th of January 1871, Lewis Peterman made an assignment to Edmund Hershey of all his property of every kind for the benefit of his creditors, "except however so much as may be exempt by the laws of this Commonwealth from levy and sale, on execution and distress for rent, to be selected by the said Lewis, and appraised for the use of himself and family, according to law."

Under this exception personal property to the amount of $99.88 was appraised and set aside by the assignee to Peterman. The remainder of his property was sold by the assignee, whose account

was settled and confirmed, and duly distributed amongst the creditors by the Court of Common Pleas.

The mother of Peterman had died intestate previously to the making of the assignment, seised of real estate, which descended to her children, of whom Lewis Peterman was one, but had not been included in the assignee's account, Peterman, as he testified, not having known at the time of the assignment anything about it. Afterwards under proceedings in partition in the Orphans' Court, this real estate was sold by Samuel Hay, trustee appointed by the Orphans' Court for that purpose. The trustee having settled his account showing in his hands a balance of $1624.75, N. M. Wanner, Esq., was appointed auditor to report distribution.

Before this auditor, Lewis Peterman claimed under the exception in his assignment so much of his share as with the amount he had already received would make $300 ; the assignee claimed the whole of the share.

The auditor found the foregoing facts and concluded his report as follows :—

* * * "The only question now is what right has Lewis Peterman in this distribution to a part of the share which he had assigned for the benefit of his creditors? He claims it under the exemption laws. But the mere reservation of property under a deed of assignment is not enough in itself to secure it to the debtor. He may waive the benefit of it, or he may lose it by neglect. It must be followed up by his demanding it in the manner prescribed by law. His property passes into the hands of his assignee, and then, on demand made for it, it is appraised and set aside for his use. That is the course the law has fixed, and any right Lewis Peterman may have here, must rest on claims properly made upon his assignee. The facts are that after the appraisement of certain personal property to him, he declined taking any more personal property, but demanded the balance in money, knowing at the time that no money had passed under the assignment, but expecting to get it out of the proceeds of his real estate, then in the hands of his assignee. He also says that at that time he did not know that there was anything coming to him out of his mother's estate, and did not claim any real estate as such. He is not, therefore, entitled to any money out of the proceeds of any real estate. For it is only after he has demanded real estate as such, and it has been found impossible to measure it off to him without injury to the whole, and the appraisers have so reported, that the debtor can get money out of the proceeds of its sale. The auditor therefore awards the share of Lewis Peterman in this distribution to Edmund Hershey, his assignee, for the benefit of his creditors."

The auditor awarded Lewis Peterman's share, amounting to $263.11, to his assignee.

[Peterman's Appeal.]

Lewis Peterman filed exceptions to the report of the auditor, amongst others the following :—

2. The auditor finds as a fact that at the time the assignment was executed Lewis Peterman did not know of this share in his deceased mother's estate, nor until after the assignee's account was settled and the balance distributed, and as a party is not bound to make his selection until he knows what he has to select from, the demand made upon the fund for distribution is in time, if no other demand had been made, and the auditor erred in not so deciding, and in not awarding Lewis Peterman's full share, less $99.88, to him.

3. The auditor erred in applying the decisions with reference to defendants in executions to the case before him, and in deciding that a demand upon the assignee was necessary to entitle Lewis Peterman to his distributive share.

7. The auditor erred in deciding that Lewis Peterman was not entitled to receive his share of the fund for distribution, and that the voluntary assignment from him to Hershey passed the whole of Peterman's property, less $99.88, notwithstanding the said assignment contains an exception as stated in his report.

In delivering the opinion of the court on the exceptions, Fisher, P. J., said : * * *

" The words in which the reservation is made are peculiar; they are ' To be selected by the said Lewis, and appraised for the use of himself and family according to law.' What law ? Certainly the law allowing the exemption of three hundred dollars from levy and distress to insolvent persons. Under the act relating to the exemption, real estate could not be set apart, unless it was specifically claimed and appraised. In this case the amount Lewis Peterman did not receive in personal goods, he demanded to be paid in money and not in real estate. * * * As Lewis Peterman did not demand the balance of the three hundred dollars in land, and did not demand an appraisement, and because none was made, we think he cannot claim the money in the distribution of the proceeds of the sale of his mother's estate, but that it goes into the hands of his trustee to be distributed among the creditors entitled to it under the assignment."

The exceptions were dismissed and report of auditor confirmed.

Peterman appealed to the Supreme Court and assigned the confirmation of the auditor's report for error.

*J. L. Mayer* (with whom was *J. Blackford*), for appellant.— The principal thing in a deed is the end and design of the grantor, and the words ought to be construed so as to effect his intention : Worrall's Accounts, 5 W. & S. 113; Williams *v.* Bentley, 3 Casey 301 : Stewart *v.* Lang, 1 Wright 203; Cox *v.* Freedley, 9

[Peterman's Appeal.]

Casey 124. If there be any ambiguity the circumstances and acts of the parties at the time, and subsequent to the transaction, are to be considered to ascertain their intention : Miner's Appeal, 11 P. F. Smith 289.

An *exception* is the taking of something out of the thing granted, which would otherwise pass by the deed: 3 Wash. on Real Prop. 369 ; Craig v. Wells, 1 Kernan 321. " The thing excepted doth not pass by the grant, neither is it parcel of the thing granted :" Shep. Touch. 77 ; Greenleaf v. Birth, 6 Pet. 302 ; Mulford v. Shirk, 2 Casey 475 ; Act of 9th April 1849, sect. —, Pamph. L. 1849, 533 ; 1 Brightly's Purd. 636, pl. 20. The fund is money for all purposes and not *land*: Hay's Appeal, 2 P. F. Smith 450 ; Pennell's Appeal, 8 Harris 515. Being *money* and not *land* no appraisement of it is necessary under the 2d sect. of the Act of Assembly : Larrison's Appeal, 12 Casey 130. A party is not bound to make his election until he is fully informed as to what he has to select from : Dickinson v. Dickinson, 11 P. F. Smith 402 ; Kreiser's Appeal, 19 Id. 194. This assignee's title is not paramount to that of the appellant under the exception in his deed : Fulton's Estate, 1 P. F. Smith 211.

The words " according to law " in the exception are not to be restricted to the mode of appraisement under execution, &c., but refer to his right to the exemption : McClure v. Douthitt, 3 Barr 446 ; Wood v. Hills, 7 Harris 513.

There was no paper-book nor oral argument for the appellee.

Mr. Justice WILLIAMS delivered the opinion of the court, July 2d 1874.

This is a proceeding in the Orphans' Court for the distribution of the fund arising from the sale of the real estate of Sarah Peterman, deceased. The sale was made by a trustee under an order of the court, in proceedings in partition, and, upon the settlement and confirmation of his account an auditor was appointed to distribute the balance of the money in his hands. The appellant, Lewis Peterman, was entitled, as son and heir at law of the decedent, to the one undivided sixth part of the estate of which she died seised. But before the sale by the trustee, he made a voluntary assignment, for the benefit of his creditors, of all of his real and personal estate, " except, however, so much as may be exempted by the laws of this Commonwealth from levy and sale on execution and distress for rent, to be selected by the said Lewis Peterman, and appraised for the use of himself and family, according to the law." He selected certain personal property, which was appraised at $99.88, and set apart for his use. The residue of the estate, with the exception of his interest in the land out of which the fund for the distribution arose, was sold by the assignee

and the proceeds distributed among the creditors. On the hearing before the auditor, the appellant claimed that he was entitled to so much of his share of the fund as would with the appraised value of the property which he had elected to retain, amount to the sum of three hundred dollars, but the auditor distributed the whole of his share to the assignee, and the court confirmed his report. Is the appellant then entitled to the portion of the fund he claims? It is clear that he is, unless his right to it was divested by the deed of the assignment. Whether it was or not, depends upon the construction to be given to the exception in the deed. He had the undoubted right to reserve for the use of himself and family, property to the value of three hundred dollars. His right to except it out of the assignment is founded on the Exemption Act of the 9th of April 1849, but his right to it as against the assignee, depends upon the exception of the deed. It is true that the deed does not specify or define the property intended to be excepted, but leaves it to be selected by the assignor. But his right of selection is not confined to any particular description of property, nor is it subject to any condition whatever; and his right to the property, when selected, is as perfect as if it had been specially excepted out of the assignment. It is to be appraised in order to ascertain and determine its value, and not for the purpose of enabling the assignor to exercise the right of selection. His right to select the amount, to which he is entitled under the exception, out of any part of his estate, does not depend upon its previous appraisement; and if it did, the appraisement is not to be made under the Exemption Act, as ruled by the court below, but under the provisions of the act relating to assignments for the benefit of creditors, by the appraisers appointed by the Court of Common Pleas to appraise the assigned estate. It is manifest that there can be no appraisement of the property selected by the assignor under the provisions of the Exemption Act. The appraisement, for which it provides, can be made only by appraisers chosen by the sheriff, constable or other officer charged with the execution of a warrant, or writ for the levy and sale of the debtor's property. But the appraisers of the assigned estate must necessarily fix the value of what the assignor proposes to keep, else they cannot assess what the assignee is to account for: Mulford *v.* Shirk, 2 Casey 475. But where the assignor elects to receive the amount to which he is entitled in money, no appraisement is necessary. To appraise money is to count, and counting answers all the purpose of appraisement: Larrison's Appeal, 12 Casey 130.

If then the appellant had the right to elect that the residue of the amount excepted from the assignment should be paid him out of the fund for distribution, as he undoubtedly had, and if no demand of an appraisement under the Exemption Law was necessary in order to enable him to exercise the right, it is clear that he was guilty

[Peterman's Appeal.]

of no laches in making the election.   He claimed that the residue of the amount, to which he was entitled, should be paid out of the fund as soon as he had the right to demand and receive it.   He had an undivided interest, as already suggested, in the land out of which it arose.   It was not in his possession when he made the assignment, and it was not converted into money by the act of his assignee, but by the order of the Orphans' Court, because partition of it could not be made among the heirs.   As soon as his right to the fund attached he asserted his claim to it, and as he had not parted with his right to the amount which he claimed, he was clearly entitled to it as against the assignee.   The Orphans' Court was, therefore, in error in not awarding to the appellant the sum of two hundred dollars and twelve cents out of the fund for distribution, and directing the residue of the share in controversy, viz., the sum of sixty-two dollars and ninety-nine cents, to be paid to the appellee.   The decree confirming the auditor's report must be reversed, and the record remitted to the Orphans' Court, with instructions to enter a decree in conformity with this opinion. The costs of this appeal to be paid by the appellee out of the portion of the fund decreed to him.

Decree accordingly.