## Estate of John Rigby, deceased.    Appeal of Mary Ann Jones.

*Widow's exemption—No appraisement necessary when money is designated.*

Where the widow elects to take money no appraisement is necessary; to appraise money is to count it, and counting answers all the purposes of an appraisement.

*Widow's exemption—Effect of designation of money—Contract of decedent.*

Where a widow elects to take money, she cannot designate money due the estate on a contract made by decedent, so as to be entitled to claim it from the debtor of the estate to the exclusion of executors. Her claim attaches to any money coming into the hands of the executors, and is not limited to a particular source thus designated.

The widow is not permitted to hamper or interfere with the executors in the orderly discharge of their duties.

Argued May 12, 1898. Appeal, No. 169, April T., 1898, by Mary Ann Jones, from order and decree of O. C. Lawrence Co., June T., 1897, No. 36, granting petition of executors for specific performance of contract. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ Affirmed.

Petition of executors for specific performance of a contract. Before WALLACE, P. J.

Decedent died testate leaving a widow and a number of children. The widow subsequently intermarried and is the appellant in this case. Immediately after the death she gave notice in writing to the executors that she elected to retain out of the estate of her husband property to the value of $300. The property elected to be retained being moneys on articles of agreement from Robert H. Shaw, being the proceeds of property purchased by said Shaw during the lifetime of decedent. This notice of election after due proof of publication was confirmed by the court. The executors' presented a petition for specific performance to the court and the court awarded a citation on all parties interested, including the widow. The widow filed an answer claiming that she elected to take $300 out of the money due from Shaw and asked that the amount of $300 with interest be paid her direct and until said moneys be paid her, prayed the court to refuse to order and decree the executors to execute and deliver to said Shaw the deed of conveyance for the property mentioned in the petition of said executors. The answer of Shaw admitted that he owed the money with interest, but that he had received notice from the executors of the estate to pay the money to them and not to the widow. It further appears that the estate was solvent.

The court below decreed that the executors execute and tender to Shaw a deed in fee simple for the real estate contracted by the said decedent, to which decree the widow excepted.

*Error assigned* was to the decree of the court below—that the widow was not a party to the transaction, and that she looked to the executors for her widow's rights.

*W. H. Falls*, with him *E. M. Underwood* and *Dana & Long*, for appellant.—If the widow elected to take $300 out of any moneys or evidence of debt, there is no necessity for an appraisement: Finney's Appeal, 113 Pa. 11.

Even if her exemption be claimed out of the proceeds of real estate converted by the terms of her husband's will, she is entitled to take without any appraisement: Silvius's Est., 17 W. N. 447.

The confirmation of an appraisement made for the benefit of a widow is an adjudication to the widow of the property mentioned and is conclusive.   After such adjudication the property becomes that of the widow absolutely and subject only to her control and disposal: Runyan's Appeal, 27 Pa. 121.

No collateral attack can now be made on the election of property by the widow in this case.   The principal of law is that an appraisement confirmed by the court is a matter of record, possessing the effect of a judgment and open to no collateral review.   It is the foundation of the widow's right—it forms her very title to the property: Seller's Estate, 82 Pa. 153.

*B. A. Winternitz*, with him *John G. McConahy*, and *D. B. Kurtz*, for appellees.—The confirmation by the court of the widow's claim or election was a nullity and gave her no title.

The cases which hold that the confirmation of an appraisement made for the benefit of the widow, vests the title to the property in her, all have reference to either real estate or chattels which require to be appraised, not one of them to money arising out of the proceeds of property, which, as admitted by the appellant, requires no appraisement.

The widow can present her claim at the audit of the executor's account, and if it be valid it will be allowed.

OPINION BY SMITH, J., July 29, 1898:

On the death of the testator, the sole right to administration of his estate, including the completion of his executory contracts, vested in his executors.   They acquired absolute control over the personal estate and the management of his business, and must account therefor, in strict accordance with law. " By the execution of the contract the estate of the vendor is

converted into personal property, and over that, for purposes of collection and administration, the personal representatives have absolute and unlimited control:" Mining Association v. Reed, 80 Pa. 38. They may, under a decree to that effect by the orphans' court, carry the contract into specific execution by deed, in accordance with the terms of the agreement. Such conveyance by them will have all the force and effect of a deed executed by the testator in his lifetime. The executors are the responsible agents of the law to receive the purchase money thus accruing and to distribute it as the law directs. A decree for specific performance on the application of the executors may be carried into effect without notice to the widow or heirs; they are not necessary parties to the proceeding.

It appears, by the decree and opinion of the learned court below, that it was not intended to encroach upon the functions of the executors or to preclude the widow from securing her rights under the exemption laws. The evident purpose was to recognize the rights of both parties. This could best be done by having the balance of purchase money due on the contract pass through the authorized channel for its reception and disbursement.

It is contended on behalf of the appellant that inasmuch as the widow's appraisement, which was duly confirmed, specified $300 of moneys due the testator under a certain contract with Robert H. Shaw, this constituted a specific appropriation of moneys in Shaw's hands, and that, therefore, she was entitled to call upon Shaw directly for the money, irrespective of the rights and duties of the executors. To this we cannot assent. All property and money set apart for the widow and children under the act of 1851 and its supplements, must pass through the hands of the executors or administrators. An exception is made by the third section of the act of June 4, 1883, where the value of the decedent's estate does not exceed $300. The election of the widow in the present case must be viewed as an exercise of the right to select money rather than property. Designating the Shaw contract as the source of the fund is entirely consistent with this view: Seller's Estate, 82 Pa. 153. The claim is "out of moneys," due on articles of agreement between the decedent and Shaw; it is not to the agreement itself, or the interest of the decedent therein. The rights of

the parties do not depend on an appraisement. Appraisements are necessary only to determine the value of property which the widow elects to retain. In such cases confirmation by the court is also necessary to establish the widow's right to the property, and in this respect is for the protection alike of the widow and of the executors. But where the widow elects to take money no appraisement is necessary. "To appraise money is to count it; and counting answers all the purposes of an appraisement:" Peterman's Appeal, 76 Pa. 116. The designation of money due on the Shaw contract is not conclusive of the rights of the widow or of the executors, and will not preclude payment of her demand by the executors from any moneys in hand. It might well be omitted from the appraisement. The contention of the appellant would restrict the claim of the widow to the proceeds of the Shaw contract, and, in case this proved worthless, would preclude her from all claim to other moneys of the estate held by the executors. With its payment from funds of the estate the widow should be satisfied. She cannot be permitted to hamper or interfere with the executors in the orderly discharge of their duties.

The decree is affirmed.