## McFarland's Estate.

*Assignment for creditors—Reservation of exemption—Setting aside exempt property.*

An assignor for the benefit of creditors who reserves to himself the benefit of the exemption laws, must indicate in some unequivocal manner that he elects to retain the property which he has selected for exemption, or to have set apart to him the proceeds thereof. If he has an appraisement of personal property made, and a note and a judgment are not included in this appraisement, he cannot thereafter transfer any title to such note or judgment to another person.

Argued Oct. 22, 1900. Appeal, No. 229, Oct. T., 1899, by Isett & Wary, from order of C. P. Blair Co., June T., 1899, No. 23, dismissing exceptions to auditor's report in the Estate of Albert McFarland. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to auditor's report.

From the record it appeared that on June 27, 1895, T. P. Gehr assigned all his property, real, personal and mixed to W. A. Ambrose, Esq., in trust for the benefit of the former's creditors. In the deed to the assignee Gehr expressly reserved the benefits of the act of April 9, 1849, and its supplements, exempting property to the extent of $300, from levy and sale.

Ambrose subsequently presented a petition to the court reciting said reservation and praying the appointment of appraisers to appraise " as well the estate and effects so assigned as such property as the said Thomas P. Gehr may elect to retain, to the value of three hundred dollars." Gehr claimed, had appraised and set apart to him, by the appraisers, personal property amounting to $61.50.

It further appeared that at the time of the assignment Gehr had an interest in a judgment against Albert McFarland and also in a note of Albert McFarland. On December 23, 1893, Gehr assigned the judgment and note to the Peoples' Building & Loan Association. On the same day the following paper was given to Gehr:

" Now, December 23, 1893, the Peoples' Building & Loan Association of Altoona, Pa., hereby agree that in the lien this day

assigned to said association by Thos. P. Gehr, and the judgment hereon and to said lien confessed by Albert McFarland, the sum of $180.27, is held by said association as additional and collateral security and for the use of said T. P. Gehr to secure payment of a note given by said McFarland to said Gehr of even date herewith.

"It being agreed that the balance of said lien judgment thereon is to be held by said association, to secure the loan this day made by said association to said Albert McFarland.

" J. D. HICKS,<br>Solicitor of People's B. & L. Association."

Sometime in 1898, Gehr transferred his interest in the above paper to Isett & Wray. Before the auditor appointed to distribute the fund raised by the sale of the real estate of Albert McFarland, Isett & Wray claim $180.27 on account of said paper.

The auditor disallowed the claim, and exceptions to the auditor's report were dismissed by the court.

*Error assigned* was in dismissing exceptions to auditor's report.

*George M. Meyers,* for appellants.—The interest in the note and judgment were included in the exemption: Larkin's Est., 132 Pa. 554; Larrison's App., 36 Pa. 130; Hildebrand v. Bowman, 100 Pa. 580; Ehrisman v. Roberts, 68 Pa. 308.

*Charles Geesey,* with him *Daniel J. Neff,* for appellee.—It is the duty of the assignor to be present at the appraisement and indicate what articles he desires; if he does not do this he waives his right: Shaeffer's App., 101 Pa. 45; Trickett on Assignments, sec. 72, p. 86; Mulford v. Shirk, 26 Pa. 473; Peterman's App., 76 Pa. 116; Chilcoat's App., 101 Pa. 22.

Gehr does not, and never did, ask that the McFarland note and the Hicks agreement therewith should be set over as a part of his exemption. The appellant alleges that he could have done so, but he never has; so what right has the appellant in the matter? None. It is not even shown that Gehr waived exemption against their claim, or that he demands it now. Exemption is a "personal privilege:" O'Nail v. Craig, 56 Pa. 161; Davis's App., 34 Pa. 256.

OPINION BY RICE, P. J., January 22, 1901: ·

Assuming that Mr. Hicks had authority, or that the Peoples' Building and Loan Association is estopped to deny his authority to make the agreement of December 23, 1893 with Thomas P. Gehr, it would follow that by virtue of the latter's assignment for the benefit of creditors, his title to the McFarland note and his interest, under the Hicks agreement, in the McFarland judgment passed to his assignee, unless that result was prevented by the reservation in his deed " of such an amount of property, real, personal and mixed as is by law exempt." Such reservation entitles the assignor to retain and have set apart to him any of the assigned property or money, being the proceeds thereof, to the amount of $300. His right of selection is not confined to any particular description of property, and his right to the property, when selected, is as perfect as if it had been specially excepted out of the assignment. After he has selected the property, certainly after it has been appraised and set apart to him, he may make what disposition he pleases of the reserved property. But none of the cases are authority for the proposition that it is not incumbent on him to make the selection of the property that he will retain. The time when the demand is to be made depends upon the circumstances, but that he must indicate in some unequivocal manner that he elects to retain the property, or to have set apart to him the proceeds thereof, under the reservation contained in his deed, is clear. Speaking of Peterman's Appeal, 76 Pa. 116, a case much relied on here, Mr. Justice GREEN said: " We certainly did not say, or mean to say, in that case, that a demand was not necessary, or that the right to claim the benefit of the exemption could not be waived by undue laches. The decided cases on those subjects were not overruled or even discussed. On the contrary we recognized the facts that the benefit of the exemption was regularly claimed, that personal property was actually selected, appraised and set apart, to a certain amount, and that as to the balance of the exemption it was claimed as soon as the right to demand and receive it arose: " Chilcoat's Appeal, 101 Pa. 22. See also Shaeffer's Appeal, 101 Pa. 45, 50. In the present case there was an appraisement of personal property, and this was claimed and set apart to the assignor. The McFarland note

and the assignor's interest in the McFarland judgment were personal assets, but these were not included in the appraisement, and there is no evidence that the assignor asked to have them included. Not only so, but there is no evidence that he has ever indicated in any way that he desired to have them set apart to him as part of his exemption. Nor is it to be presumed that such was his desire or intention from the mere fact that he did not turn them over to the assignee. If there is any presumption arising from the fact that he retained them and did not bring them to the knowledge of the assignee, it is one which would interfere very seriously with any subsequent claim to have them set apart to him under the exemption. See Kreider's Estate, 135 Pa. 578. But it is unnecessary to decide whether or not the assignor forfeited his right to the exemption by laches or fraud; it is sufficient to say that he has never demanded or asserted his right to have his interest in the McFarland judgment set apart to him under the reservation contained in his deed. This alone is conclusive against the claim of Islett & Wray, to whom, it is asserted, he attempted to transfer these assets long after his assignment for benefit of creditors, more especially as there is no assertion that he attempted to transfer to them his rights under the exemption laws. The right to the exemption is a personal privilege, and did not pass to them by operation of law.

The decree is affirmed and the appeal dismissed at the costs of the appellants.