## Hollinger's Estate (No. 1).

*Decedents' estates—Election to take against will—Exemption— Acts of April 1, 1909, P. L. 87, and July 21, 1913, P. L. 875—Appraisement—Exemption in cash.*

1. Where a husband elects to take his $5,000 exemption under the Acts of April 1, 1909, P. L. 87, and July 21, 1913, P. L. 875, in cash, an appraisement is not necessary.

2. The husband of a testatrix elected to take against his wife's will and in the written election recited that the estate in question consisted of personal property, and particularly declared his desire to have $5,000 allotted to him therefrom as allowed by the Act of April 1, 1909, P. L. 87. It appeared that the entire property for distribution consisted of cash or its equivalent. The auditing judge awarded decedent's husband the requested allowance, in addition to one-half of the remaining portion of her estate. Exceptions were filed to the $5,000 award because there was no appraisement as provided by the Act of 1909. *Held,* the exceptions were properly dismissed.

Argued May 14, 1917. Appeal, No. 16, Jan. T., 1917, by Celinda L. Harnish, Ann L. Weidler, Abraham L. Weidler, George L. Weidler, Caroline L. Smith, Elmira L. Eby, Anna Seibert, Susan Forry, Samuel Brubaker and John Brubaker, collateral heirs of Susan L. Hollinger, Deceased, from decree of O. C. Lancaster Co., March T., 1916, No. 24, dismissing exceptions to adjudication in Estate of Susan L. Hollinger, deceased. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and WALLING, JJ. Affirmed.

Exceptions to adjudication. Before SMITH, P. J.
The opinion of the Supreme Court states the case.
The court dismissed exceptions filed to the award of

$5,000 to Martin B. Hollinger, husband of decedent. The collateral heirs appealed.

*Error assigned* was in dismissing exceptions to the adjudication.

*William N. Appel,* of *Appel & Appel,* for appellants.

*B. F. Davis,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, June 30, 1917:

Martin B. Hollinger, by a duly signed, acknowledged and recorded document, which was filed with the clerk of the court below and served upon the personal representative of his deceased wife, elected to take against the latter's will. In this written election, Mr. Hollinger recited that the estate in question consisted of personal property, and particularly declared his desire to have $5,000 allotted to him therefrom, as allowed by the Act of April 1, 1909, P. L. 87. When the estate came before the Orphans' Court for adjudication, the auditing judge took cognizance of this election and awarded decedent's husband the requested allowance, in addition to one-half of the remaining portion of her estate. Exceptions were filed to the $5,000 award, "because there was no appraisement......, as provided by the Act of ...... 1909 ...... and its supplement"; and, upon their dismissal, this appeal was entered.

Appellants contend that a duly confirmed appraisement is essential to the validity of an allowance under the Act of 1909, supra; and that making such an award in the absence of this prerequisite constitutes reversible error.

The act in controversy stipulates that "the procedure for appraising and setting apart the said $5,000 in value of property shall be the same as provided in Section 5 of the act of assembly approved April 14, one thousand eight hundred and fifty-one, relating to widows' exemp-

tions" (P. L. 612). The Act of July 21, 1913, P. L. 875, supplementing the Act of 1909, provides that "the appraisement and setting apart shall be made by the appraisers appointed to appraise the other personal estate of decedent," and that, should any one of such appraisers be unable to act, the Orphans' Court may appoint another in his place and stead.

Under the Act of 1851, supra, it was early decided (Larrison's App., 36 Pa. 130) that, when the election is to take the amount of the exemption in cash or its equivalent, an appraisement is not necessary, this ruling, which was followed by the court below, being founded upon the theory that "to appraise money is to count, and counting answers all the purposes of appraisement" (Peterman's App., 76 Pa. 116, 120) ; this doctrine has been consistently adhered to ever since: see Seller's Est., 82 Pa. 153, 157; Finney's App., 113 Pa. 11, 16; Towanda Bank's App., 1 Mona. (Pa.) 463; Beetem v. Getz, 5 Pa. Superior Ct. 71, 76; Rigby's Est., 8 Pa. Superior Ct. 108, 112; Sharp v. Woolslare, 25 Pa. Superior Ct. 251, 254.

We find no departure from the rule followed in the foregoing authorities; in fact, the rule in question is plainly recognized even in Buckland's Est., 239 Pa. 608, 612, cited by appellants; we there said: "Cases may arise under the Act of 1909, as they have under the Act of 1851, in which the estate may be of such a character as to make an appraisement unnecessary."

Of course, in cases where real estate is chosen as part of the $5,000 allowance, or in other instances where something more than mere counting is required to measure the property taken, an appraisement must be had; and, when necessary, it must be made as provided in the relevant acts of assembly. Under the facts at bar, however, where the entire property for distribution consists of cash or its equivalent (Finney's App., supra), no error was committed in dispensing with the formality of an appraisement.

The assignments are overruled and the decree is affirmed.