## Hast's Estate

*John P. Sipes*, for exceptant.
*Stenger Diehl*, contra.

SHEELY, P. J., October 6, 1944. — Clara Hast died September 21, 1940, seized of a tract of land in Union Township, this county, and survived by her husband, John H. Hast, and certain collateral heirs, but no issue. No steps were taken in connection with her estate, but John H. Hast continued to reside on the real estate until the time of his death on July 4, 1943. Two judgments were entered against John H. Hast during his lifetime: No. 13, October term, 1941, in favor of Ephraim Smith in the sum of $150; and no. 18, October term, 1941, in favor of the Department of Public Assistance for $2,000, on which a balance of $702.25 is due.

On April 15, 1944, the real estate was sold for $650 by a trustee appointed by the court to sell the real estate for the purpose of distribution among the heirs of Clara Hast and John H. Hast, as their interests might appear. The auditor appointed to make distribution awarded the fund to the two judgment creditors of John H. Hast. The heirs of Clara Hast have excepted to the report, contending that one half of the fund should have been distributed to them.

The question, as stated by exceptants, is: Where a spouse dies seized of real estate as the only asset, intestate and without issue, leaving a spouse and collateral heirs surviving, does the entire interest in such real estate vest in the surviving spouse immediately upon the death of the deceased spouse so as to subject the same to liens against him, although he survives several years but never invokes the provision of the Intestate Act of June 7, 1917, P. L. 429, sec. 2, 20 PS §11?

Section 2 (*a*) of the Intestate Act of 1917, 20 PS §11, is divided into two parts. In the first part it is provided that the surviving spouse "shall be entitled to the real or personal estate, or both, to the aggregate value of five thousand dollars. . . ." The second part of the section provides that "if such estate shall exceed in value the sum of five thousand dollars, the surviving spouse shall be entitled to the sum of five thousand dollars absolutely to be chosen by him or her from real or personal estate, or both". In the first part of the section the surviving spouse shall be entitled to *the real or personal estate*, or both, while in the second part, which applies where the estate exceeds in value the sum of $5,000, the surviving spouse shall be entitled to *the sum of $5,000 to be chosen* by him or her from real or personal estate, or both. Where the total estate is less than $5,000, or where it consists of cash, the surviving spouse is not required to choose, as he is immediately vested with title to the entire estate, or to $5,000 of the cash: Hollinger's Estate (No. 1), 259 Pa. 72, 74 (1917) ; Burton Estate, 26 Dist. R. 677 (1917) ; Threadgold's Estate, 26 Dist. R. 621 (1917).

In Gilbert's Estate, 227 Pa. 648 (1910), it was held that the $5,000 provision in the Act of April 1, 1909, P. L. 87, related to descent and distribution; it is not an exemption provision. To the same effect was Buckland's Estate, 239 Pa. 608 (1913), where it was held that the allowance of $5,000 passes by way of inheritance while the exemption passes by way of election, and that the quantum of the share or interest of the surviving spouse vests immediately by operation of law. It was there said (p. 615) :

"The procedure to appraise and set apart is but a means to an end in ascertaining the value of the property which the husband has the right to take under the

act, but it in no way interferes with the interest which vested in him immediately upon the death of his wife."

Based upon these authorities, it has been consistently held that the $500 exemption allowed to widows is a personal privilege and benefit which, if she does not claim it, she never has. But the $5,000 allowance is a vested interest at the death of her husband, and this she cannot be deprived of except by her own act. If she dies without demanding it, her next of kin are entitled to claim it after her death: Desmond's Estate, 28 Dist. R. 231 (1918) (Maxwell, J., Bradford Co.) ; Nolan's Estate, 68 Pitts. L. J. 588 (1920) (Sando, P. J., Lackawanna Co.) ; Johnson's Estate, 4 D. & C. 545 (1923) (Clark, J., Erie Co.) ; Murray's Estate, 35 Lanc. 308 (1917) (Lamorelle, P. J., Philadelphia Co.) ; Wigington's Estate, 28 Dauph. 317 (1925) (Fox, J., Dauphin Co.).

Immediately upon the death of Clara Hast her husband had a vested interest in her real and personal estate to the aggregate value of $5,000. Since her estate consisted entirely of real estate worth less than $5,000, that real estate was subject to the lien of any judgment entered against him whether or not he followed the procedure to have the property appraised and set apart to him. As the real estate was sold by a trustee appointed by the court for the purpose of making distribution, and less than the sum of $5,000 was realized therefor, we need not decide what would be the situation under a different set of facts. It might be well to indicate, however, that the title of the surviving spouse would be subject to a cloud until the value of the property was established either in a proceeding such as the present one or by an appraisement as provided by the Intestate Act. See Hollinger's Estate (No. 1), supra.

And now, October 6, 1944, the exceptions to the report of the auditor are overruled; the report of the auditor is confirmed absolutely, and it is directed that distribution be made in accordance therewith.