## Roberts et ux. v. Ulsh et ux.

*Frederick J. Templeton*, for plaintiffs.
*Merrill F. Hummell*, for defendants.

SHUGHART, P. J., April 14, 1949.—This matter comes before the court as a case stated. A chronological re-

cital of the pertinent facts as given in the case stated are as follows:

William Clark Brehm, Jr., died September 17, 1944, seized of certain real estate situate in West Pennsboro Township, Cumberland County, Pa., more particularly described in the pleadings. He left to survive him as heirs his father, W. Clark Brehm; his mother, Olive Brehm; his wife, Mary Ellen Brehm, and no children. The wife was a minor at the time of his death and became of age February 18, 1946. Letters of administration on decedent's estate were issued to his father, W. Clark Brehm, on February 27, 1945. Decedent left a personal estate of less than $500, and the real estate above referred to was appraised for inheritance tax purposes at $230 and was assessed for general tax purposes at $50. Paragraph 7 of the case stated alleges that the combined estate of decedent was of a value less than $5,000.

No proceeding was taken in the orphans' court to have the real estate set aside to the wife (since intermarried with the other plaintiff, John Roberts, and known as Mary Ellen Roberts) on account of her $5,000 allowance.

On April 27, 1946, wife plaintiff conveyed the real estate to herself and her husband, which deed was duly recorded. On November 29, 1947, these two parties, present plaintiffs, instituted a proceeding to quiet the title to this property in this court entered to December term, 1947, no. 244, against parents of decedent. Service of the pleadings was accepted by counsel for defendant parents but no answer filed. On October 20, 1948, an order was made barring defendants therein forever from asserting any right, title or interest in the premises unless they should institute ejectment proceedings within 30 days. No such action was instituted.

On or about October 1, 1948, plaintiffs agreed to sell the premises in question to defendants for the amount of $700, 10 percent of which was paid to plaintiff's attorney and the balance to be paid upon the execution and delivery of a good and sufficient deed of general warranty, and title was to be good and marketable.

The question before the court is whether under the foregoing statements of facts plaintiffs can convey a good and marketable title to the premises involved.

Our courts have held that the $5,000 allowance provided by section 2 of the Intestate Act of June 7, 1917, P. L. 429, 20 PS §11, is a vested interest at the death of the other spouse and the surviving spouse cannot be deprived of it except by his or her own act: Hollinger's Estate (No. 1), 259 Pa. 72 (1917). See authorities collected, Hast's Estate, 51 D. & C. 314 (Sheely, P. J., Fulton Co.). The same authorities hold that the title of the surviving spouse would be subject to a cloud until the value of the property was established.

In the instant case, plaintiffs sought to establish the value of the property by a proceeding under Pa. R. C. P. 1061 instead of utilizing the procedure provided by the Intestate Act of June 7, 1917, supra. The action to quiet title in the nature of a rule to bring an action of ejectment named decedent's father and mother, who were his heirs and next of kin beside the wife, as defendants. They are the only parties who at this time could object to the evaluation of the property. In that proceeding, the entire estate of decedent, including the real estate, was stated in the declaration to be $1,750.

An appearance was entered for defendants and service of a copy of the complaint endorsed with notice to file an answer within 20 days was accepted by counsel

for defendants on November 29, 1947. No answer was filed denying the value set out in the complaint. On October 20, 1948, an order was entered barring defendants from asserting any right, title or interest inconsistent with the claim of present plaintiffs unless an action in ejectment were begun within 30 days of the date of the order. No such action was brought.

In Hast's Estate, supra, it was held that the $5,000 value was established four years after the death of the record owner by the sale of the property for $650 by a trustee appointed to sell the real estate. While those proceedings were also in the orphans' court, as is the procedure under the Intestate Act, we can see no reason why the value must be established in that court, so long as it is properly determined. Although it might be better practice to establish the value by use of the procedure set forth in the Intestate Act, that procedure is not exclusive. We feel the value can be fixed by proceeding under Pennsylvania R. C. P. 1061 as employed here, although had an answer been filed by defendants the valuation of the property might have to be fixed by a proceeding in the orphans' court.

In the instant case, the decision might well rest upon the ground of estoppel. Decedent's parents, having failed to file an answer or to bring an action in ejectment as directed by the proceeding instituted in the action to quiet title, December term, 1947, no. 244, they could not now attack the title in question.

In view of the foregoing, we feel it is unnecessary to discuss the possible application of the doctrine of res adjudicata.

And now, April 14, 1949, judgment is entered in favor of plaintiffs, John Roberts and Mary Ellen Roberts, and against defendants, Miriam S. Ulsh and J. Lee Ulsh, her husband, in the amount of $630. An exception is noted for defendants.