Estate of Herman M. Dorscheimer, Deceased.    Appeal
of Matilda B. Dorscheimer.

*Widow's exemption—Claim restricted as made.*

Where a widow designates in her claim the particular property which
she elects to retain as her exemption she is restricted to the designation
thus made.

A widow having claimed cash she may not wait until an estate has been
converted and then claim out of a fund which did not exist before.

*Practice, O. C.—Modification of decree—Widow's exemption.*

A decree is properly modified when the attention of the court was not
called in the first instance to the true state of the facts and was thus led to
grant a widow's petition for exemption, to be returned in cash which was
largely the proceeds of the sale of personal chattels of decedent sold after
the claim was made.

Argued Oct. 4, 1899.   Appeal, No. 54, Oct. T., 1899, by
Matilda B. Dorscheimer, from decree of O. C. Phila. Co., April T.,
1898, No. 371, modifying the decree allowing widow's exemp-
tion.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W.
PORTER and BEEBER, JJ.   Affirmed.   Opinion by W. W.
PORTER, J.

Petition for widow's exemption.   Before HANNA, P. J.

The following facts appear from the petition and answer:

On October 1, 1898, Augustine Jerome, a creditor of the
decedent, filed his petition in the orphans' court, setting forth,
inter alia, that the decedent had died December 14, 1896, in-
testate, leaving to survive him a widow, a son and a daughter;
that letters of administration were duly granted on said estate;
that on May 26, A. D. 1898, a judgment on contract was re-
covered by petitioner against the estate of decedent which was
unpaid; that on June 3, A. D. 1898, Matilda B. Dorscheimer,
widow, had filed her petition for $300 in cash out of the said
estate, although the inventory and appraisement showed that
decedent had only $25.00 in cash at his decease; that the court
had on June 18, 1898, made a decree allowing said exemption
of $300 in cash; that the administrator had filed his first and
final account, and the same would be called for audit October 3,
1898, and thereupon prayed (*a*) " that the claim of the widow's

exemption in the sum of $300 be disallowed as a credit in said account, and (b) that petitioner be permitted to file his exceptions to the allowance of said widow's exemption nunc pro tunc."

An answer to this petition was filed by the widow, admitting the facts above set forth but denying the right of the petitioner to file his exceptions nunc pro tunc, for the reason that petitioner had been fully aware, at the time of the filing of the widow's petition for exemption, of her intention to file said petition, and had full knowledge of the advertisement of said petition, and could have filed his exceptions at the proper time if he had so desired, and, further, that petitioner had expended about $10.00 in advertising her petition for exemption.

Upon this state of the record the court, after the argument upon petition and answer, filed the following opinion:

"The petitioner has not shown sufficient reason to warrant a vacation of the decree allowing the exemption to the widow. But in view of the facts appearing it should be modified to the extent that she is to be allowed only the amount in cash which at the date of her husband's death formed part of this estate and was included in the inventory and appraisement. The latter comprised good-will and fixtures of store, appraised at $350, and cash $25.00. The widow claimed to be allowed to retain the sum of $300 in money, and her petition, after due advertisement in compliance with the rule of court, was granted. No objection was interposed by the petitioner or other person interested. But the attention of the court was not called to the fact that the entire amount of cash left by decedent and included in the inventory and appraisement was as above stated, and thus it was led through inadvertence to grant the petition. It is well settled that the claim to the exemption must be made prior to the sale of the personal property: Williams's App., 92 Pa. 69; Neff's App., 21 Pa. 243; Formad's Est., 3 Pa. Dist. Rep. 13.

And also before the sale of the real estate: Lawley's App., 20 W. N. C. 28. In Witmer's Est., 2 Pearson, 473, it was held that a widow is not entitled to have a sale of the personal property so as to give her $300 in money. And in Hunt's App., 100 Pa. 590, it was said: "The act contemplates a retention by the widow or children of property belonging to the decedent at

his death and an appraisement of it by the appraisers of his personalty."

It is also well settled the allowance may be made either in money or other personal property, or both. And in Formad's Est., supra, it was held that a widow cannot wait until the estate is sold and converted into cash and then claim her exemption out of a fund which did not exist before. So in Finney's App., 113 Pa. 11, it is expressly held, where the widow in her claim to the exemption specifies the particular property which she elects to retain, she must be restricted to the designation which she has thus made. As before stated, the widow in the present case claimed to retain $300 in cash, when but the sum of $25.00 was included in the inventory and appraisement. We think, in view of all the authorities upon the subject, this is the amount to which she is entitled and no more. We must therefore modify the decree made July 18, 1898, and counsel will prepare the proper decree.

A petition was subsequently filed which was dismissed in the following opinion by HANNA, P. J. :

With the understanding of the law as settled by the cases referred to in the opinion filed, we fail to see any necessity for a reargument of the question.

To modify the views expressed will require us not only to overrule Formad's Est., 3 Pa. Dist. Rep. 13, but also disregard what is so plainly said in the other authorities cited. And this we are not prepared to do.

The motion for reargument must therefore be refused.

The petitioner thereupon appealed to the Superior Court, which appeal was dismissed by reason of the failure to enter a formal decree as appears by a report of the case in 9 Pa. Superior Ct. 422. Subsequently the following decree was entered :

And now, February 27, 1899, upon full and careful consideration of the petition praying for a disallowance of the exemption of $300 to Matilda B. Dorscheimer, widow of Herman M. Dorscheimer, deceased, and of the answer filed thereto, it is hereby ordered and decreed that the decree entered as of June 18, 1898, allowing to said widow her exemption in the sum of $300, is hereby modified, in accordance with the terms of the opinion of said court, filed November 3, 1898, so as to read as follows, to wit:

And now, June 18, 1899, the petition of said widow allowing to her the sum of $25.00 in cash out of the personal estate of said decedent is granted, and the sum of $25.00 in cash is so awarded to Matilda B. Dorscheimer, widow of Herman M. Dorscheimer, deceased.

From this decree Matilda B. Dorscheimer appealed.

*Errors assigned* were (1) in modifying the decree of June 18, 1898, allowing the widow her exemption of $300 in cash, so as, in effect, to vacate said decree and disallow all exemption save the sum of $25.00.   (2) In modifying the decree of June 18, 1898, upon petition which did not allege that at the time of filing the widow's petition for $300 cash exemption, there was not $300 in cash, in the hands of the administrator.   (3) In overruling the petition and motion of the widow for leave to affirmatively show (*a*) that at the time of filing her petition for exemption there was between $200 and $300 in cash actually in the hands of the administrator; (*b*) that her petition was not filed sooner by reason of the express request of the administrator to her, to await the sale of the personal estate of decedent, which said personal estate consisted of the good-will, stock and fixtures of a bakery that could be better sold in combination.   (4) In deciding that a widow's exemption cannot be allowed after the sale of the personal property from which she might have claimed her exemption before sale.   (5) In refusing a rehearing of the case and dismissing the widow's petition, and entering decree of February 27, 1899.

*Alfred N. Keim*, with him *G. Harry Davis*, for appellant.—It is certainly well settled that the delay of the widow in applying for her exemption may be explained.   In Williams's Est., 141 Pa. 436, a delay of three years was accounted for; in McCann's Est., 20 Phila. 110, ten months; in Snider's Est., 4 Pa. Dist. Rep. 458, three years, and in Kirchner's Est., 6 Pa. Dist. Rep. 138, a delay of five years was explained.   In the latter case the delay was occasioned because of a verbal agreement between the parties, and Judge HANNA, who delivered the opinion of the court, held that the delay was thereby satisfactorily explained: Finney's Appeal, 113 Pa. 11.

The court has said, in Irwin's Est., 6 Pa. Dist. Rep. 351:

" The property selected by the widow is sequestered from the estate of the husband without inquiry as to his solvency or insolvency."

*James R. Grier*, for appellee.—It has also been settled that where a conversion has taken place in the effects of a decedent since his death, and before the application of the widow for her exemption, the widow cannot claim her exemption out of said effects.   The claim to the exemption must be made prior to the sale of the personal property or of the real estate : Williams's Appeal, 92 Pa. 69 ; Neff's Appeal, 21 Pa. 243 ; Formad's Estate, 3 Pa. Dist. Rep. 13 ; Lawley's Estate, 20 W. N. C. 28.

On the other hand, the widow would not be entitled to have a conversion of the personal or real estate into cash to enable her to retain the exemption in cash : Witmer's Estate, 2 Pearson, 473.

The very terms of the Act of April 14, 1851, P. L. 613, under which the claim of the widow to her exemption is allowable, contemplates the retention by the widow or children of the property as it existed at the death of decedent, and an appraisement of it by the appraisers of the personalty.   The allowance may be made in money or other personal property, or in both : Hunt's Appeal, 100 Pa. 590.

OPINION BY WILLIAM W. PORTER, November 20, 1899 :

This case was argued upon petition and answer.   The answer admits every allegation of the petition except that the inventory and appraisement are imperfect and incomplete.   It denies the right of the petitioner to the relief prayed for on the ground that the petitioner was aware of the presentation of the original petition for allowance of exemption ; that $10.00 were expended for advertising the said petition, and that all the requirements of the law relating to said allowance were fulfilled.

The case was argued by the respondent as if the application were solely for leave to file exceptions nunc pro tunc.   The prayer is that the amount of cash awarded the widow as exemption be disallowed as a credit in the administration account. The citation which issued upon the petition notified the respondent to appear and show cause why the decree entered on June 18, 1898, allowing the sum of $300 in cash out of the per-

34, (1899).]                    Opinion of the Court.

sonal property of the decedent, should not be vacated.  This was notice to the respondent that more than the mere leave to file exceptions was sought to be obtained.

Where a widow designates in her claim the particular property which she elects to retain as her exemption, she is restricted to the designation thus made: Finney's Appeal, 113 Pa. 11.  Here, the widow claimed $300 in cash.  There were but $25.00 in cash as shown by the inventory and appraisement. She was entitled only to this amount: Finney's Appeal, supra.

We are unable to see how, under the pleadings in the case, the court could have sustained the decree of June 18, 1898. There is nothing on the record to explain the delay of the widow in making her claim of exemption or upon which to base a right to demand cash in excess of the amount shown to have been in the possession of the decedent at the time of his death.  We therefore affirm the modified decree entered on February 27, 1899, from which this appeal is taken.

Decree affirmed.