# Davies *v.* Murbach.

*Decedent's estate—Widow's exemption—Laches.*

Where a widow makes demand on the executor of her husband for her
exemption, but does not follow up her claim when the entire estate is in
court, but claims the entire estate, and the court awards her part of the
estate by a decree in which she acquiesces, the decree is a final adjudica-
tion of the estate, and is a bar to an action of trespass by the widow
against the executor for a refusal to set aside the exemption.

Argued April 11, 1901.    Appeal, No. 117, April T., 1901;

by plaintiff, from judgment of C. P. No. 3, Allegheny Co., May T., 1899, No. 562, on verdict for defendant, in case of Bessie Davies v. William Murbach. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Affirmed.

Trespass against an executor to recover damages for neglect to award widow's exemption.

From the record it appeared that the plaintiff was the wife of Jacob Murbach, who died on July 22, 1895, and the defendant is the executor of the will of said decedent.

This suit is brought by the plaintiff to recover damages for the failure on the part of the defendant to pay to the plaintiff, the widow of said Jacob Murbach, her widow's exemption.

The evidence showed that the widow had made a claim on the defendant for $300 in money sometime during the year succeeding her husband's death.

The money was not paid to her. The defendant filed his account as executor, and the orphans' court distributed the entire balance to the widow. On exceptions being filed by William Murbach, the decree was amended and the estate was divided, one third to the widow and two thirds to William Murbach. In this decree the widow acquiesced.

The jury was instructed to bring in a verdict for the defendant for the reason that the decree of the orphans' court distributing the estate was conclusive.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*M. H. Stevenson*, for appellant.—A widow's exemption claim is favored by the courts: Lyman v. Byam, 38 Pa. 479; Peebles's Est., 157 Pa. 609; Beetem & Co. v. Getz, 5 Pa. Superior Ct. 75.

The widow's real cause of action is that the executor, who is the legal custodian of all decedent's effects, has neglected a plain duty imposed on him by act of assembly, namely, the duty of suffering $300 worth of goods or money to remain as a present support for the widow, and for breach of this duty

trespass lies: Compher v. Compher, 25 Pa. 31; Neely v. Mc-
Cormick, 25 Pa. 255; Mitchel's Estate, 1 Pearson, 429; Sel-
lers's Estate, 82 Pa. 156; Tiernan v. Binns, 92 Pa. 253;
Peebles's Estate, 157 Pa. 609.

The remedy in the orphans' court is not exclusive of right to
sue in common pleas: Good's Appeal, 152 Pa. 64; Lyman v.
Byam, 38 Pa. 479; 1 Rhone's O. C. Practice, p. 300, sec. 60.

Her right was complete when she made demand promptly:
Gibson's Est., 5 Pa. Superior Ct. 64; Neely v. McCormick, 25
Pa. 255; Tiernan v. Binns, 92 Pa. 253; Peebles's Est., 157 Pa.
609; Compher v. Compher, 25 Pa. 31.

*Charles P. Orr*, with him *Thomas C. Lazaer* and *Jesse T. La-
zaer*, for appellee, cited: Holliday v. Ward, 19 Pa. 492; Mus-
sleman's App., 65 Pa. 480; Compher v. Compher, 25 Pa. 31;
Neely v. McCormick, 25 Pa. 255.

OPINION BY ORLADY J., May 23, 1901:

The distribution of the whole estate of Jacob Murbach was
before the orphans' court on the hearing of the exceptions filed
by the defendant to the first adjudication. The plaintiff par-
ticipated in that contest and claimed the whole balance as
widow of the decedent, but claimed no part of it under the pro-
visions of the Act of April 14, 1851, P. L. 613. She had made
a former demand on the executor for her $300 widow's exemp-
tion under that act, but did not follow it up when the fund was
in court for distribution. Had she asserted her claim under
her exemption demand at that time, it would doubtless have
been allowed by the orphans' court. Her contention for the
whole fund was inconsistent with her widow's exemption claim,
at least to the extent of the overpayment which had been made
to her " on account of her bequest under the will." These facts
must have been well known at the time and she accepted the
decision of the orphans' court as conclusive by not taking an
appeal from its decree. By her acquiescence in this decree, it
became a final adjudication of this estate and is a bar to her
action of trespass against this defendant " for refusing to set
apart to her on demand the three hundred dollar exemption as
required by the Act of April 14, 1851." While such a claim
is regarded with favor by the courts, it is one which may be

lost by laches, or waived by conduct which is inconsistent with the demand: Kerns's Appeal, 120 Pa. 523; Dorscheimer's Estate, 12 Pa. Superior Ct. 34. The loss of her claim is not due to any act of the executor but to her own neglect in not urging it when the whole estate was before the orphans' court for distribution.

The assignments of error are overruled and the judgment is affirmed.