# Rigby's Estate.

*Auditor —Findings of fact—Review.*

The appellate court will not review an auditor's finding of fact confirmed by the court below where no manifest error appears.

*Beneficial societies—Death benefits—Evidence—Auditor's finding of fact.*

An auditor's finding confirmed by the orphans' court that certain death benefits due from a beneficial society were part of the estate of the deceased member, and did not belong to the widow, will be confirmed where the only testimony to the contrary was that of a member of the society who stated that the benefits were payable to the widow, and it appears that the by-laws of the constitution were printed, but were not produced.

*Decedent's estates—Widow's exemption.*

Where a widow claims her exemption out of moneys due to her husband's estate under articles of agreement which the deceased had made in his lifetime, the widow is entitled to have her exemption paid out of such moneys after they have been collected by the executors, although at the time the exemption was claimed there may have been no money in their hands.

Argued May 16, 1901. Appeal, No. 60, April T., 1901, by Mary Ann Jones, from decree of O. C. Lawrence Co., March T., 1899, No. 25, dismissing exceptions to auditor's report in the Estate of John Rigby, Deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Exceptions to auditor's report.

The auditor, Charles E. Mehard, Esq., found the facts to be as follows:

John Rigby died July 1, 1894. Letters testamentary were not taken out in his estate until September, 1894. During the interval between the death of John Rigby and the time letters testamentary were granted, his household goods were disposed of to some person or persons.

Leah Rigby testifies that Mary Ann Jones, the widow, gave her some of the goods. The widow says Leah Rigby took them. There is no testimony whatever that any of the goods came into the hands of Joseph M. Anderson or Joseph V. Rigby, as executors or as individuals, or that they had any. knowledge of them or their existence. There is no evidence to show that the executors were negligent of their duty. There is no evidence of the value of the household goods, which John Rigby owned at time of his death. . . .

That Mary Ann Jones, formerly Mary Ann Rigby, did receive the cash mentioned in item No. 4 of final account, the amount being $92.60. That she gave receipts to the executor Joseph V. Rigby, for $105.38, or $12.78 more than the executors take credit for. This is explained in letter marked Exhibit " A, " together with the receipts. The $57.60 received from the Steam Engine Maker's Society was for funeral benefits and $12.78 was for five weeks and three days superannuation. The executors charge themselves with the funeral benefits only. The $12.78 was paid to the widow and no charge made or credit taken, as receipts show, that the widow received $12.78 more money than is charged to her in the final account. The evidence of J. H. Blakemore is not sufficient to show that the money received from the Steam Engine Maker's Society was payable to the widow. The auditor therefore finds that there was due the estate at least the $57.60 funeral benefits.

That at No. 15, December term, 1894, the widow's claim for and election to take $300 was filed in the orphans' court. The widow claimed out of moneys on articles of agreement from Robert H. Shaw, being the proceeds of property purchased by said Robert H. Shaw from John Rigby during the lifetime of John Rigby—$300. That Mary Ann Jones, formerly Mary

Ann Rigby, did not elect to take the articles of agreement, nor ask to have the same appraised. That there was no money in the hands of the executors at the time widow's claim and election was made and filed, there having been previously paid to her $92.50, all the money received by the executors up to that time. That there was no appraisement.

That Mary Ann Jones, the widow of John Rigby, deceased, elected to take under the law and not under the will.

The auditor refused the widow's claim for exemption, except as to the amount of $92.50 that had been paid to her.

Exceptions to the auditor's report were dismissed by the court in an opinion by WALLACE, P. J.

*Error assigned* was in dismissing exceptions to auditor's report.

*W. H. Falls*, and *S. W. Dana*, with them *E. M. Underwood*, for appellant.—This money received from this beneficial society belonged to the widow; it should not be, and has no place in the executor's account: Griffith's Est., 1 Lack. Legal News, 311; Luke's Estate, 17 Phila. 517; Morrell's Estate, 8 W. N. C. 183; Hodge's App., 8 W. N. C. 209.

In her claim the widow specified the security out of which she claimed her exemption, and that security was more than sufficient to pay her demand: Larrison's App., 36 Pa. 130.

If the widow or children elected to take $300, out of any moneys or evidence of debt, there is no necessity for an appraisement: Larrison's Appeal, 36 Pa. 130; Koch's Estate, 12 W. N. C. 305; Weir's Estate, 28 W. N. C. 268; Finney's App., 113 Pa. 11; Silvius Est., 17 W. N. C. 447; Sellers's Est., 82 Pa. 153; Rigby's Est., 8 Pa. Superior Ct. 180.

*B. A. Winternitz*, with him *J. G. McConahy*, for appellees.—

An auditor's findings of fact from sufficient evidence, confirmed by the court below, has the force of a verdict of a jury: Bailey's Estate, 188 Pa. 590; Orne's Est., 192 Pa. 626.

When a widow claims to have set apart to her $300 out of her deceased husband's estate, and elects to have it paid to her in cash, and at the time of decedent's death and at the time of making her claim, there is not that amount of cash belonging

to the estate, her claim will be restricted to the cash on hand at the time the claim was made.

The same principle is held by this court in Dorscheimer's App., 12 Pa. Superior Ct. 34; See also Hunt's App., 100 Pa. 591, Rigby's Est., 8 Pa. Superior Ct. 108, and Baldy's App., 40 Pa. 328.

OPINION BY BEAVER, J., July 25, 1901:

The questions which are presented in this case arise under proceedings in the orphans' court, distributing the balance in the hands of the executors of the decedent. The first assignment of error relates to the decree of the court in sustaining the auditor in not surcharging the executors with the value of certain household goods. The testimony in regard to these goods was contradictory, and, having been passed upon by the auditor and approved by the court, we will not, under our rule, interfere. There is nothing in the case which makes it exceptional.

As to the claim of the widow for the moneys received from the several beneficial societies to which her husband belonged, if she had shown herself entitled to them by competent evidence, they should not have passed into the hands of the executors as assets of the estate, nor should she be charged with them as a part of her claim for $300. Whether under the constitution and by-laws of these several associations she was so entitled does not appear. The effort was made to show by a member of one of the societies that the death benefits were payable to the widow of the member, but this was clearly not the best evidence upon the subject and not competent, under the circumstances. In Hodge's Appeal, 8 W. N. C. 209, where it was held that the fund payable upon the death of any member was no part of the estate of the deceased member, and the appellant, as his administrator, had no right to receive it, the by-laws of the association were in evidence, and provided that " The premium to be paid in case of the death of any member of this company may be disposed of by his last will and testament, otherwise it shall belong to and be paid to his widow, and in case he shall leave no widow, then the heirs and legal representatives of the deceased." The witness, who was called on behalf of the widow, testified that the society, of which he and

the deceased were members, although belonging to different branches, has " a constitution and by-laws ; " that " they are printed, and the obligations of the society and the duties and liabilities and obligations of the members may be set out in the constitution and by-laws." These, of course, were the best evidence as to the rights of the parties in regard to that particular society, and presumably could have been easily secured and offered in evidence. There was no evidence whatever as to who were the beneficiaries in the other societies. Under the circumstances we cannot convict the court and the auditor of error in ruling that the payments by these beneficial societies belonged to the estate.

The widow made her claim for the benefit of the widow's exemption, as it is called, September 20, 1894. ".The property elected to be retained was moneys on articles of agreement from Robert H. Shaw, being the proceeds of property purchased by the said Robert Henry Shaw during the lifetime of said John Rigby." The notice of the widow's election was duly advertised and filed of record in the orphans' court. The widow, in certain proceedings in the orphans' court for specific performance of contract, having claimed that the money should be paid to her direct by Shaw, without passing into the hands of the executors, brought the decree of the court below, which was against her, to this court by appeal. The case is reported in 8 Pa. Superior Ct. 108. It was there decided that the money should pass through the hands of the executors. The opinion of the court ends as follows : " With its payment (her claim for $300) from the funds of the estate the widow should be satisfied. She cannot be permitted to hamper or interfere with the executors in the orderly discharge of their duties." It is very clear from the opinion of this court that we were then of opinion that she was entitled to the money from the executors, and this is in accord with the well settled law upon the subject. Finney's Appeal, 113 Pa. 11, cited by both sides, is clearly to this effect. Mr. Justice CLARK, in his opinion, says : " Her claim was for ' cash.' One hundred and nine dollars and twenty-four cents was all the cash then belonging to the estate, and to this extent only her legal representatives are now entitled under that claim in this distribution. If her demand had been made, after the bonds, notes or other se-

curities had been realized on, a different question would be presented, but she died before they had been converted to money. She might have claimed her exemption partly in money and partly in any of the securities, or wholly in the latter, but she did not, and we think the learned court was right in restricting the claim to the cash on hand, when the claim was made." It has also been decided in Thomas's Estate, 152 Pa. 63, that "if a widow makes a demand for an appraisement of real estate, she could claim her exemption out of the fund arising from the sale of the real estate, although no appraisement has been actually made thereof." In this case the entire claim was out of the Shaw security, and to the remainder of her claim for $300, after deducting the sum of $92.50 which the auditor finds has been paid to her by the executors, she is clearly entitled. The third assignment of error is, therefore, sustained.

The decree of the orphans' court is, therefore, reversed, and the exceptions to the auditor's report, so far as they relate to the balance of the claim for $300, after deducting $92.50 already paid, are sustained, and the record is remitted to the court below to carry out this decree.