# Henderson's Estate.

*Auditor—Findings of fact—Claim for nursing—Decedent's estates.*

An auditor's finding of fact confirmed by the orphans' court that a claim
against a decedent's estate for services rendered as a nurse, is stale, and
not supported by sufficient proof, will not be reviewed by the appellate
court where no manifest error appears.

Argued May 14, 1901. Appeal, No. 176, April T., 1901,
by John C. Scott, from decree of O. C. Mercer Co., Oct. T.,
1900, No. 12, overruling exceptions to auditor's report in Estate
of A. Henderson, deceased. Before RICE, P. J., BEAVER,
ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to auditor's report.

From the report of J. R. W. Baker, Esq., auditor, it appeared that John C. Scott claimed $488, for nursing the decedent for about thirty-two weeks prior to December 1, 1896. Scott had been employed by decedent as a farm hand. The decedent died on January 27, 1897.

The auditor found specifically the following fact:

On December 1, 1896, J. C. Scott quit, settled up at the said $15.00 per month, shook hands with the old gentleman and the family in general and made no claim for any extra compensation for nursing, now claimed for, and in reply to a question by A. Henderson: "Is everything settled up, or is everything satisfactory," he assented, or said, " Yes," and never said a word about having an unpaid claim for nursing Mr. Henderson at that time, nor after, until some time after Mr. Henderson's death, when he made a verbal claim to Jasper Henderson, one of the executors of the estate.

Exceptions to the auditor's report were overruled by the court in an opinion by MILLER, P. J.

*Errors assigned* were in overruling exceptions to auditor's report.

*J. J. Alexander*, for appellant.

*B. Magoffin* and *W. H. Cochran*, for appellee.

OPINION BY ORLADY, J., July 25, 1901.

The auditor and the court below have passed upon the appellant's claim for services rendered as a nurse and have rejected it as stale and not supported by sufficient proof. We accept the result as one fully warranted by the evidence. The auditor had the advantage of seeing and hearing the witnesses. The positive testimony of the widow of the decedent, that on December 1, 1896, when the relation of master and servant terminated, and the balance due him was paid in accordance with a settlement, her husband inquired, " Is everything squared up," and that the claimant replied, " Yes," is not overcome by the claimant's uncertain recollection of the conversation, nor by any other evidence offered in support of his claim.

The opinion of the court below fully vindicated the conclusions of the auditor and the decree is affirmed.