## Kern's Estate.

*Guardian and ward—Sureties—Decedents' estates—Practice, O. C.*

Where the administrators of a deceased guardian file an account of the guardianship, and a balance is found in favor of the wards, and subsequently the substituted guardian presents a claim for the balance thus found to the auditor appointed to audit the deceased guardian's own estate, and is allowed to participate only pro rata with another claimant, the sureties of the deceased guardian have no standing to appeal from the allowance of the other claim where the record shows that they failed to present any claim of their own to the auditor.

*Auditor—Findings of facts.*

The findings of an auditor upon questions of fact approved by the court below will not be reversed on appeal except for flagrant error, and especially is this true where the findings are based on oral testimony.

Argued Nov. 13, 1901.   Appeal, No. 178, Oct. T., 1901, by Milton Yohn and William Yohn, from decree of O. C. Lancaster Co., Jan. T., 1900, No. 258, dismissing exceptions to auditor's report in the Estate of Israel Kern, Deceased.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Exceptions to report of John W. Appel, Esq., auditor.

The facts are stated in the opinion of the Superior Court.

*Error assigned* among others was in overruling first exception to auditor's report, viz: " The auditor erred in allowing the claim of Elizabeth Kern, widow of the decedent, and awarding her $5,166.43."

*B. F. Davis*, for appellant.

*J. E. Malone*, with him *A. E. Burkholder*, for appellees.—Before appellants could participate in the distribution of the Kern estate they were bound to appear before the auditor and establish the fact that they had a claim: Hammett's App., 83 Pa. 392.

OPINION BY RICE, P. J., December 16, 1901:

The decedent was guardian of the minor children of W.

Styer, deceased, and the appellants were sureties on his bond. After the death of the guardian his administrators filed an account of his administration of that trust which showed a balance in his hands of $1,079.77, to which exceptions were filed by these appellants. It was stated at bar, that these exceptions have been overruled and the account confirmed. In the distribution of the estate of the decedent, Henry Hillard, who was appointed guardian of the Styer children to succeed the decedent, presented before the auditor a claim for the balance of $1,079.77, and was awarded $732.46, the pro rata share of said claim. Amongst the other claims allowed by the auditor was that of Elizabeth Kern amounting to $7,730.32, upon which she was awarded a dividend of $5,166.43. The appellants excepted to the allowance of this claim, and from the decree overruling those exceptions this appeal was taken. It is to be observed that there is no allegation that they have paid the balance in the guardian's hands or any part of it. It is claimed, however, that as they are liable on their bond for the difference between the balance in the guardian's hands and the amount awarded out of this fund to his successor, they had a standing to contest the claim of Elizabeth Kern and to appeal from the decree overruling their exceptions. The appellees' counsel argue that they have no standing to complain of the decree because, in the first place, they presented no claim to the auditor and in the second place did not put their bond in evidence or show in any other way what was its amount. It is to be observed also that although their counsel was present at the audit it does not appear that they contested the allowance of the claim of Elizabeth Kern until after the report had been filed. Granting, however, that they then had standing to do so if they were prejudiced by the distribution made, to sustain this appeal it was incumbent upon them to show a liability on their bond beyond the amount awarded to Henry Hillard, guardian. Whatever may be the fact, a careful examination of the record, the auditor's report and the notes of testimony printed in the appellant's paper-book, fails to show this fact. We are, therefore, constrained to sustain the contention of appellee's counsel and to hold that the appellants are not in a position to demand an investigation by us into the merits of the claim of Elizabeth Kern. They do not stand in the same position as would Henry

Hillard, guardian, if the appeal had been taken by him. We are not to be understood as intimating that the decree was not warranted by the competent evidence. No objection was made at the audit to the competency of John R. Messner as a witness, and no specific exception was made to the report upon that ground. Nor are we convinced that such objection could have been sustained even if made in time. As to the merits of the claim of Mrs. Kern the principle applies that the findings of an auditor upon questions of fact approved by the court below will not be reversed on appeal except for flagrant error. Especially is this true where the findings are based on oral testimony.

All the assignments of error are overruled, the decree is affirmed and the appeal dismissed at the costs of the appellants.