Opinion by
Morrison, J.,
At the adjudication of the executor’s account by Ashman, P. J., auditing judge, the appellant presented a claim against the estate of Dundas T. Pratt, deceased, of $800 for the painting of a portrait of Ferdinand J. Dreer at the alleged instance and request of the testator, Pratt. Of course, the burden rested on the appellant to prove a contract with Pratt to paint the *111 portrait. Having averred such contract he must produce sufficient evidence to fairly sustain it. How did he meet this burden? Several witnesses testified before the auditing judge, and their testimony clearly established the fact that for some time prior to his death the testator had in mind the project of having a portrait of Dreer painted by appellant and having it subsequently presented to the historical society. The strongest testimony for the claim was given by Mr. and Mrs. Everly, and the strongest testimony' against the claim was that of Mrs. Moon who squarely testified that after the. death of Pratt she had a conversation with the appellant about the portrait and why it was not painted and he told her that it was: “because Mr. Pratt had not given me the final orders.” We have carefully read and considered all of the testimony and it falls short of proving such a clear contract or agreement between the appellant and the testator as is required to bring the case within the rule contended for by the learned counsel for the appellant. He says: “In this case this court is invited to review and set aside a finding of fact by the court below because the court ignored uncontradicted testimony and, further, to review and correct errors in deductions from the testimony and to set aside conclusions from reasoning which is at war with the evidence taken as a whole. In support of this contention he cites the familiar cases of Phillips’s Appeal, 68 Pa. 130; Sproull’s Appeal, 71 Pa. 137; Hindman’s Appeal, 85 Pa. 466; Cake’s Appeal, 110 Pa. 65.
We fully recognize the force of these cases and they must be followed where the evidence brings a case within the rule established by them. But these cases clearly hold that the credit to be given to the witnesses must depend much upon their appearance and conduct before the examiner and that the report of an examiner or master affirmed by the court below, as a general rule, will not be set aside by the appellate court.
In the present case all of the testimony given in support of the claim is susceptible of the explanation that the testator intended to give the appellant an order to paint the portrait but did not do so, except the testimony of the Everlys which *112 is to the effect that the testator told them he had given the order for the portrait. But against this is the clear, positive testimony of Mrs. Moon that she called on the appellant after the death of Pratt and asked to see the picture and was told by appellant: “The picture has not been commenced.” I said, “How is that, there has been so much talk about it I presumed I would actually see it.” I said, “Why is it?” He said, “Because, Mr. Pratt had not given me the final orders.”
The appellant denied this conversation, but the auditing judge saw the witnesses and heard the testimony and he believed Mrs. Moon. Her testimony, if believed, is convincing that long after the death of Pratt the appellant did not consider that he had a contract with Pratt to paint the portrait. It is quite possible Mr. and Mrs. Everly misunderstood Mr. Pratt to say he had given the order while he only talked about giving it. Such misunderstandings' frequently occur. If it be conceded that a contract could have been inferred from the testimony on the part of the appellant such inference was to some extent rebutted by the testimony of Mrs. Moon, corroborated by the fact that nearly four months after the death of Pratt the portrait was not painted and not even commenced. It is very certain that the testimony, taken as a whole, did not present such clear evidence of a contract between the appellant and Pratt that the learned auditing judge committed palpable error in finding that the claim was not sustained. Moreover, the court below dismissed the exceptions and approved the adjudication of the auditing judge on the ground that the question of a contract depended on the credibility of the witnesses and the weight of their testimony. In short, that it “is a question of fact as to which the finding of the auditing judge, in the absence of clear error, is conclusive.” We fail tn find any clear error in the finding of fact that the testator made no contract with the appellant to paint the picture in question.
The most favorable view of the testimony, in favor of the appellant, does not establish the terms of the contract, its price, the quality and size of the portrait, when it was to be painted *113 and by whom approved. If a contract could be inferred from the evidence it is not so clear that the auditing judge ought to be convicted of error in refusing to so find. If it be conceded that the auditing judge might have found either in favor of a contract or against it, on all of the evidence the appellate court ought not to reverse him as he had the best opportunity to determine the credibility of the witnesses and the weight of their respective testimony. We are unable to take a more favorable view of the evidence for the appellant than above indicated. In Kern’s Estate, 18 Pa. Superior Ct. 506, we said: “As to the merits of the claim of Mrs. Kern the principle applies that the findings of an auditor upon questions of fact approved by the court below will not be reversed on appeal except for flagrant error. Especially is this true where the findings are based on oral testimony.” In Wendt’s Estate, 14 Pa. Superior Ct. 644, we said: “The weight of this testimony was for the auditor in the first instance. The credence to be given her testimony was largely to be determined by her whole testimony, her manner, motive or bias, the inherent probability of her story, want of accurate recollection and contradiction.” In Fague’s Estate, 19 Pa. Superior Ct. 638, we said: “That the finding of an auditor upon questions of fact, which have been approved by the court below, will not be disturbed on appeal except for plain mistake, is so well settled as not to require the citation of authority.” In our opinion the whole evidence brings the present case within the rule indicated by the above cited cases.
The learned auditing judge and the court below have had wide experience in hearing and disposing of this class of cases and their judgments are entitled to much weight. Upon the whole evidence they were not satisfied that the contract under which the claim was based was ever made and we are not convinced that in this conclusion there is clear or palpable error.
The appeal is dismissed at the costs of the appellant and the decree is affirmed.
Orlady, J., dissents.