## Campbell's Estate.

*Decedents' estates—Contract—Evidence—Findings of fact—Review.*

A finding by an auditing judge of the nonexistence of a contract between the decedent and a claimant against his estate, if supported by sufficient evidence and confirmed by the orphans' court, will not be disturbed by the appellate court.

Argued March 4, 1909. Appeal, No. 34, March T., 1909, by John J. Howley, from decree of O. C. Lackawanna Co., No. 513, of 1905, dismissing exceptions to adjudication in Estate of Andrew Campbell, deceased.   Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ.   Affirmed.

Exceptions to adjudication.   Before Sando, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing exceptions to adjudication.

*Thomas P. Duffy,* for appellant.

*M. J. Martin,* with him *C. A. Battenberg* and *Walter Briggs,* for appellee.

Opinion by Morrison, J., April 12, 1909:

In this appeal by John J. Howley from the decree of the orphans' court we have a motion and reasons on the part of the appellee to quash the appeal.   There is some merit in the motion and reasons, but in view of the fact that both parties have presented elaborate printed and oral arguments on the merits, we have concluded to overrule the motion and decide the case upon its merits.

The appellant appeared before the auditing judge and claimed on an oral contract, alleged to have been made with the decedent in his lifetime, for the drawing of plans and speci-

fications for the erection of a mausoleum to cost $12,000. The claim was two and one-half per cent on that amount. The learned auditing judge saw the witnesses and heard them testify and was not convinced that the appellant had a contract with the decedent to do more than draw plans and specifications for a retaining and foundation wall for the mausoleum; nor was the judge satisfied that the appellant ever did more than draw plans for such wall and foundation, and make a survey of the site.

A careful reading of the evidence and consideration of the arguments does not convince us of such flagrant or manifest error on the part of the auditing judge as calls for a reversal of the decree awarding the appellant commission only on the cost of the retaining wall and foundation, to the amount of $92.30, including interest. We are not called upon to say what we would have done on the evidence in this record if it had come before us, on first impression. Our question is, as has often been decided, does the record disclose such manifest error as requires a reversal of the findings of fact of the auditing judge, approved by the orphans' court? The learned judge had a much better opportunity of determining the credibility of the witnesses and the weight of their testimony than we can have in reading the testimony in the printed record.

In Kern's Estate, 18 Pa. Superior Ct. 506, speaking through RICE, P. J., we said: "That the findings of an auditor upon questions of fact, approved by the court below, will not be reversed on appeal, except for flagrant error. Especially is this true when the findings are based on oral testimony." The testimony in the present case was oral and it is sufficient to support the findings of the learned auditing judge, and the orphans' court approved his findings. See Henderson's Est., 18 Pa. Superior Ct. 99; Pratt's Est., 35 Pa. Superior Ct. 110, and cases there cited; Rigby's Est., 18 Pa. Superior Ct. 5; Orne's Est., 192 Pa. 626; Lafferty's Est., 184 Pa. 502; Gimber's Est., 184 Pa. 436.

We find nothing in the record requiring us to disturb the decree of the orphans' court. The appeal is dismissed at the costs of the appellant, and the decree is affirmed.