## Sitkin's Estate

*A. Reed Hayes* and *Harold Houck*, for petitioner.
*Harry L. Siegel* and *Robert Siegel*, contra.

UTTLEY, P. J., August 13, 1935.—This case comes before us upon the petition of the Citizens National Bank, a lien creditor of the estate of Jacob Sitkin, deceased, for a citation upon Anna Sitkin, widow of Jacob Sitkin, to show cause why it should not be permitted to file exceptions to the widow's exemption, nunc pro tunc, and why the widow's exemption should not be disallowed, and the answer of Anna Sitkin, widow, thereto.

The record discloses the following facts. Jacob Sitkin died June 25, 1934, intestate, leaving to survive him a widow, Anna Sitkin, and five children. On September 28, 1934, letters of administration were granted to Lillian Sitkin, a daughter of Jacob Sitkin. On October 18, 1934, the inventory and appraisement of the personal estate of Jacob Sitkin, deceased, consisting of household goods, appraised at $215, was filed and on the same day, on the regular form of widow's exemption blank, the appraisers appraised to Anna Sitkin, widow, $500, in cash, which was, after due advertisement, confirmed absolutely by the Orphans' Court of Mifflin County on January 19, 1935. The resident inheritance tax appraisement filed December 24, 1934, showed personal property the same as in the general inventory and appraisement, to the amount of $215, and real estate valued at $3,000, and the

affidavit of debts and expenses filed January 12, 1935, showed judgments of the Citizens National Bank against Jacob Sitkin aggregating $11,300. In pursuance of an order of the Orphans' Court of Mifflin County made January 14, 1935, on the petition of the administratrix, the real estate of Jacob Sitkin, deceased, was sold to the Citizens National Bank for $2,875, and the sale confirmed by the court on February 26, 1935. The administratrix in her first and final account, filed April 5, 1935, charged herself with personal estate, consisting of the general appraisement of $215, and rents from the real estate of $280, amounting in all to $495, against which she claimed credit for disbursements of $69.75, leaving a balance of personal estate of $425.25, which with the balance of the proceeds of the sale of the real estate of $1,594.57 made an aggregate blended balance, consisting of rents and the proceeds of real and personal property amounting to $2,019.82, shown by the account. At the foot of her account, the administratrix stated that she set aside the sum of $500, to Anna Sitkin, widow, for her widow's exemption filed October 18, 1934, and confirmed absolutely January 19, 1935. On the petition of Anna Sitkin, widow, $500 of the balance in the hands of Lillian Sitkin, administratrix, was on April 16, 1935, set aside by a decree of the court for the widow's exemption, to be distributed to her at the audit of the account of the administratrix, if the petitioner was legally entitled thereto and the same was properly allowable to her. The Citizens National Bank, lien creditor, April 29, 1935, presented its petition to the Orphans' Court of Mifflin County, for a citation on Anna Sitkin, widow, to show cause why the claim for the widow's exemption, in the sum of $500, should not be disallowed as a credit in the account of the administratrix and why the Citizens National Bank, petitioner, should not be permitted to file its exceptions to the allowance of the widow's exemption nunc pro tunc. To this last mentioned petition Anna Sitkin, widow, on May 14, 1935, filed her answer and the question of the right of

Anna Sitkin, widow, to the exemption of $500, is now to be determined upon this petition of the Citizens National Bank, lien creditor, and the answer of Anna Sitkin, widow, thereto.

While there is no proof as to how the widow in the case at bar made the demand for her exemption and the appraisement thereof to her in cash was unnecessary, nevertheless, the fact that such an appraisement was executed and filed by the appraisers is sufficient evidence that the widow did make a demand for her exemption at the time the general appraisement was made and before the real estate was sold for the payment of debts. There is, therefore, no question of laches on the part of the widow.

The contention of the Citizens National Bank, lien creditor and petitioner, is that the widow having claimed her exemption in cash before the conversion of the real estate, cannot now have her exemption awarded to her out of the proceeds thereof.

The determination of the question here involved requires the consideration of sections 12(a) and 12(d) of the Fiduciaries Act of June 7, 1917, P. L. 447. Section 12(a) of the act provides that the widow "may retain or claim either real or personal property, or the proceeds of either real or personal property, belonging to said estate, to the value of five hundred dollars" and that "It shall be the duty of the executor or administrator of such decedent to have the said property, if personal, appraised and set apart to said widow . . . by the appraisers appointed to appraise the other personal estate of the decedent; or, if real, then by two appraisers to be appointed by the orphans' court, who may be the same persons appointed to appraise the personal estate." This section provides further "If said five hundred dollars, or any part thereof, shall be claimed out of money or the proceeds of real or personal property belonging to the estate, it shall be the duty of the executor or administrator to set apart to said widow . . . the amount so claimed, out of said money or out of the proceeds of said

real or personal property after he shall have sold the same."

Section 12*(d)* of the act provides that "Upon due proof of compliance with such requirements as to notice, by advertisement or otherwise, as may be prescribed by the orphans' court of the proper county by general rule or otherwise, such court may enter a decree directing the payment of the money, or confirming the appraisement of the personal or real estate chosen by said widow . . . and said appraisement, signed and certified by the appraisers and approved by the court, shall be filed among the records thereof".

The footnote under section 12*(a)* of the Fiduciaries Act in the report of the commission appointed to codify and revise the law of decedents' estates, which is identical in language with the same section of this act in the pamphlet laws of 1917, at page 126 of the report, states that the words "or the proceeds of either real or personal property when sold" were added to meet the decisions that the exemption cannot be claimed out of the proceeds of property.

The decisions mentioned in this footnote are Finney's Appeal, 113 Pa. 11, and Snyder's Estate, 12 Dist. R. 536, which hold that where a widow claims her exemption in cash and there is not sufficient cash in the estate at the decedent's death nor at the time of her claim, she will be restricted to the cash on hand at the time her claim was made.

The three members of the commission above-mentioned and authors of the Fiduciaries Act were all men of distinguished legal ability and experience and their statement that the words "or the proceeds of either real or personal property when sold" were intended to meet the decisions, in Finney's Appeal and Snyder's Estate, supra, that the exemption cannot be claimed out of the proceeds of property, is entitled to great weight.

There are no decisions of the Supreme or Superior Court of Pennsylvania directly in point, so that we must

look to the decisions of the lower courts for any judicial interpretation of this section of the act in question.

A widow's claim for exemption is prior to the rights of all creditors, distributees, heirs, or even the Commonwealth's claim for inheritance tax, and every other form of obligation, except purchase money mortgages. The law is especially solicitous and careful—and rightly so—of childhood and old age. The rights of the latter are to be guarded with as much of solicitude and carefulness as the former: Potter's Estate, 6 Pa. Superior Ct. 627; Henderson v. Briggle, Executrix, et al., 11 D. & C. 581.

In the case last cited the fund for distribution arose from the sale of real estate upon a mortgage executed by the decedent in his lifetime and after satisfaction of the mortgage there remained in the hands of the sheriff the sum of $34,378.98, to be distributed to the beneficiaries under the last will and testament of the decedent, creditors of the decedent, and other persons entitled to participate therein as provided by law. In her account as executrix, the widow claimed credit for her widow's exemption and filed a claim for her exemption, with a copy of her account as executrix, before the auditor appointed by the court to distribute the balance in the hands of the sheriff. The auditor disallowed the claim for the widow's exemption, and after deducting the costs of audit, distributed the balance in the hands of the sheriff to the several judgment creditors who held judgments contracted and entered of record during the lifetime of the decedent. The exceptions of the widow to the report of the auditor were sustained by the court, which held that a widow's claim for exemption is prior to judgments entered before the decedent's death, although the claim was not presented until a meeting held by the auditor to distribute the fund arising from the sale of real estate on a mortgage executed in his lifetime.

In Heckman's Estate, 17 D. & C. 761, Judge Davison arrived at the same conclusion. There the decedent died intestate, owning certain personal property consisting of

livestock and farming implements, which were used by the widow on the farm, the title to which was in her and the decedent as tenants by entireties, for several years after his death and then sold and the proceeds used to pay the debts of the decedent. The widow remarried and thereafter filed her widow's exemption, which was appraised to her in cash by the appraisers. The administrators took credit in their account for the payment of the widow's exemption out of the balance of the proceeds of the sale of the personal property in their hands. On exception to the account the administrators were surcharged with the amount of the widow's exemption because the widow had remarried before she made her claim. The court confirmed the report of the auditor, but held that if the widow had not remarried before she made her claim it would have been allowed.

In discussing the sections of the act under consideration, the court in the above case reasons as follows: Section 12*(a)* makes different provisions as to requiring an appraisement and the setting apart of that claimed by the widow when the claim is in whole or in part for money or the proceeds of real or personal property. When the claim is for real or personal property it is the duty of the executor or administrator to have the same appraised. But when it, or any part of it, is claimed out of money or the proceeds of real or personal property belonging to the estate, then it is the duty of the executor or administrator to set apart to the widow the amount so claimed out of money or the proceeds of real or personal property when the same shall be sold. No appraisement and confirmation thereof is required. All that is necessary is prescribed by section 12*(d)* of the act which provides that "Upon due proof of compliance with such requirements as to notice, by advertisement or otherwise, as may be prescribed by the orphans' court of the proper county by general rule or otherwise, such court may enter a decree directing the payment of the money, or confirming the appraisement of the personal or real estate

chosen by said widow or children". The difference between the procedure when real or personal property is claimed and when cash is claimed is clearly recognized and provided for in the act, which recognizes that an appraisement of money is useless and makes no provision for the appraisement thereof, but definitely provides that the money be set apart for the widow and paid over under a general rule of court or if there be none then by other rule.

Again in Crider's Estate, 20 D. & C. 113, Judge Davison held that where a widow filed in the orphans' court her appraisement of $500 in cash, for her widow's exemption, after the sale of the decedent's real estate, and presented her claim before the auditor on the ground that the claim being for cash no appraisement was necessary, her contention was correct and under the ruling in Heckman's Estate, supra, she would be entitled to her widow's exemption if there had been no question of laches.

In Titus's Estate, 18 D. & C. 344, Judge Arird of Warren County, in discussing section 12(a) of the Fiduciaries Act, said:

"Under the Fiduciaries Act of June 7, 1917, P. L. 447, Sec. 12, the widow may retain or claim either real or personal property, or the proceeds of either real or personal property belonging to the estate, to the value of $500. The apparent purpose of this legislation is to fix definitely the right of the widow to claim her exemption out of the proceeds of property which may be sold by the executor or administrator as well as out of the property as it may exist at the death of her husband. Under the Act of April 14, 1851, P. L. 612, there was no express provision for claiming the exemption out of the proceeds of real or personal property. There were decisions under the Act of 1851 to the effect that she must claim her exemption out of the property as it existed at the death of her husband: Snyder's Estate, 12 Dist. R. 536; Dorscheimer's Estate, 12 Pa. Superior Ct. 34; Hunt's Ap-

peal, 100 Pa. 590; Finney's Appeal, 113 Pa. 11; Rigby's Estate, 18 Pa. Superior Ct. 5.

"The Act of 1917 evidently changes the effect of these decisions."

Counsel for the petitioner relies upon Gillette's Estate, 9 D. & C. 820, in support of his position that sections 12(a) and 12 (d) of the Fiduciaries Act of 1917, do not change the effect of the decisions in Finney's Appeal, 113 Pa. 11, and Dorscheimer's Estate, 12 Pa. Superior Ct. 34. We think, however, that the fact that the widow in Gillette's Estate was also the administratix and did not make the claim for her exemption until after the real estate was sold, clearly distinguishes it from the case at bar. Furthermore, the conclusion of Judge Prather in this case is out of harmony with the other decisions of the lower courts of Pennsylvania which constitute the weight of judicial opinion upon the question here involved.

Considering the opinion of the authors of the Fiduciaries Act as expressed in the footnote under section 12(a) in their report, and the cases above cited, the weight of judicial opinion favors the right of the widow who has claimed her exemption in cash, under sections 12(a) and 12(d) of the Fiduciaries Act, to have it afterwards set apart to her out of the proceeds of real or personal property.

We are, therefore, of the opinion that the widow's exemption in this case should be allowed and that the same should be set apart and paid out of the balance, consisting of rents and the proceeds of personal and real property, in the hands of the administratrix.

### Decree

Now, August 13, 1935, after due consideration, the petition of the Citizens National Bank, lien creditor of the estate of Jacob Sitkin, deceased, for the disallowance of the widow's exemption in the within case, and the right to file exceptions thereto nunc pro tunc, is hereby

dismissed, and the claim of Anna Sitkin, widow, for her widow's exemption of $500, out of the balance in the hands of Lillian Sitkin, administratrix of Jacob Sitkin, deceased, is hereby allowed, and said exemption is hereby set apart and directed to be paid out of said balance; the costs of this proceeding to be paid by the petitioner.